## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **1121 PIER VILLAGE LLC,** | : | **Case No. 21-11466 (ELF)** |
|  | : |  |
| **Debtor.** | : |  |
|  | : |  |
| In re: | : | **Chapter 11** |
|  | : |  |
| **2626 FRANKFORD LLC,** | : | **Case No. 21-11467 (ELF)** |
|  | : |  |
| **Debtor.** | : |  |
|  | : |  |
| In re: | : | **Chapter 11** |
|  | : |  |
| **193 HANCOCK LLC** | : | **Case No. 21-11468 (ELF)** |
|  | : |  |
| **Debtor.** | : |  |
|  | : |  |
| In re: | : | **Chapter 11** |
|  | : |  |
| **231 E 123 LLC,** | : | **Case No. 21-11469 (ELF)** |
|  | : |  |
| **Debtor.** | : |  |
|  | : |  |
| In re: | : | **Chapter 11** |
|  | : |  |
| **285 KINGSLAND LLC,** | : | **Case No. 21-11470 (ELF)** |
|  | : |  |
| **Debtor.** | : |  |
|  | : | **Chapter 11** |
| In re: | : |  |
|  | : | **Case No. 21-11471 (ELF)** |
| **PENN TREATY HOMES LLC,** | : |  |
|  | : | **Hearing Date: June 23, 2021** |
| **Debtor.** | : | **Hearing Time: 11:00 a.m.** |
|  | : | **Hearing Place: Courtroom 1** |

## DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

1121 Pier Village LLC, Penn Treaty Homes LLC,  2626 Frankford LLC, 285 Kingsland LLC, 231 E 123 LLC and 193 Hancock LLC (collectively the "Debtors"), by and through their undersigned proposed counsel, hereby move this Court for an order directing joint administration of the Debtors related chapter 11 cases and in support thereon, represent as follows:

## INTRODUCTION

1.      On May 23, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

2.      No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

3.      1121 Pier Village LLC is a company created for the purpose for owning and/or operating real property located at 1121-31 N. Delaware Avenue, Philadelphia, PA 19125.  Alex Halimi, through Gotham Deeds LLC, is the operating manager for 1121 Pier Village LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

4.      Penn Treaty Homes LLC is a company created for the purpose for owning and/or operating real property located at 1143-51 N. Delaware Avenue, Philadelphia, PA 19125.  Alex Halimi, through Gotham Bedrock LLC, is the operating manager for Penn Treaty Homes LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

5.      2626 Frankford LLC is a company created for the purpose for owning and/or operating real property located at 2626 Frankford Avenue, Philadelphia, PA 19125.  Alex Halimi, through Gotham Deeds LLC, is the operating manager for 2626 Frankford LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

6.      285 Kingsland LLC is a company created for the purpose for owning and/or operating real property located at 285 Kingsland Avenue, Brooklyn, NY 11222.  Alex Halimi, through Gotham Deeds LLC, is the operating manager for 285 Kingsland LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

7.      231 E 123 LLC is a company created for the purpose for owning and/or operating real property located at 231 E. 123rd Street, New York, NY 10035.  Alex Halimi, through Gotham Deeds LLC, is the operating manager for 231 E 123 LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

8.      193 Hancock LLC is a company created for the purpose for owning and/or operating real property located at 193 Hancock Street, Brooklyn, NY 11216.  Alex Halimi, through Gotham Deeds LLC, is the operating manager for 193 Hancock LLC and maintains an address at 93-16 71st Drive, Forest Hills, NY 11375-6709.

9.      With respect to each Debtor, Sharestates, Inc. asserts liens on the various Debtor projects, which liens and claims the Debtors dispute.  However, with respect to joint administration, the Debtors have a common alleged secured creditor.

10.     All of the payment obligations of the respective Debtors to Sharestates are cross-defaulted.  In other words, a payment default on the part of one Debtor is a default as to all Debtors.

11.     The Debtors have common or substantially similar ownership, and are commonly controlled through their manager Gotham Deeds, LLC and/or Gotham Bedrock LLC.

12.     All of the Debtors' properties are in stages of partial completion, and it is the intention of the Debtors to sell or refinance the obligations to its secured creditor after it presses its claims against the secured creditor and the liens become allowed.  The Debtors intend a single

sale process for all of their properties, if a sale is appropriate.

13.      The Debtors administration of its cases will be combined, with authority for the court, to ensure that duplicative and unnecessary work is not performed.

14.      There is no threat of injury to creditors in that the estates will not be substantively consolidated, ensuring assets of the individual Debtors are used to pay only that debtor's obligations.

## JURISDICTION

15.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

## SUMMARY OF RELIEF REQUESTED

16.      By this Application, the Debtors, and each of them, seek entry of an order, substantially in the form annexed hereto (the "Proposed Order"), pursuant to Fed. R. Bankr. P. 1015, directing the joint administration of the Debtors' Chapter 11 cases solely for procedural purposes.  The Debtors are not presently requesting substantive consolidation.

17.      For the reasons set forth herein, the Debtors believe that, in light of the interrelationship between the Debtors, and certain common creditors, the joint handling of the administrative matters respecting these cases—including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors will aid in expediting these Chapter 11 cases and rendering their administration more efficient and economic.

## BASIS FOR RELIEF REQUESTED

18.    Bankruptcy Rule 1015 governs the joint administration of Chapter 11 cases and

provides in pertinent part:

> (b)  *Cases Involving Two or More Related Debtors.*  If a joint
> petition or two or more petitions are pending in the same court by
> or against . . . (4) a debtor and an affiliate, the court may order a
> joint administration of the estates.  Prior to entering an order the
> court shall give consideration to protecting creditors of different
> estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

19.    The Advisory Committee Note to Fed. R. Bankr. P. 1015 recognizes that the joint

administration of bankruptcy cases can promote expedience and cost-efficiency by "using a

single docket for the matters occurring in the administration, including the listing of filed claims,

the combining of notices to creditors of the different estates, and the joint handling of other

purely administrative matters[.]"  Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

20.    Joint administration is particularly appropriate when an affiliated group of entities

files for bankruptcy relief.  See 9 COLLIER ON BANKRUPTCY, 1015.03, p. 1015-6 (15th ed. Rev.

1999).

21.    The term "affiliate" is defined broadly in the Bankruptcy Code.  Section 101(2) of

the Bankruptcy Code defines an affiliate as:

> (A) [an] entity that directly or indirectly owns, controls, or holds
> with power to vote, 20 percent or more of the outstanding voting
> securities of the debtor…
>
> (B) [a] corporation 20 percent or more of whose outstanding voting
> securities are directly or indirectly owned, controlled, or held with
> power to vote, by the debtor, or by an entity that directly or
> indirectly owns, controls, or holds with power to vote, 20 percent
> or more of the outstanding voting securities of the debtor.

(C) [a] person whose business is operated under a lease or operating agreement by a debtor, or a person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

22.     That broad definition of affiliate is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." In re: A&S Transp. Co., Inc., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir. 1978)).

23.     The Debtors are affiliates, as that term is defined by Section 101 of the Bankruptcy Code, because Gotham Deeds LLC and/or Gotham Bedrock LLC is the operating manager of each of the Debtors, and owns or controls in excess of 20% of the voting rights of the membership interests and are commonly owned.  See 11 U.S.C. § 101(2)(D); In re: City Homes, LLC, 574 B.R. 827 (Bankr. D. Maryland 2017).  Further, under Pennsylvania and New York law, LLC's are treated like corporations but taxed as partnerships.

24.     Moreover, Pier and Penn Treaty are part of what was intended as a single development, and it is the Debtors' collective intentions to proceed with the development or sale of the two Debtors Pier and Penn Treaty, as a single project, together.

25.     As a result of the foregoing factors, this Court is authorized to grant joint administration of the Debtors' bankruptcy cases.

26.     The Debtors believe joint administration of the Chapter 11 cases will allow the cases to be administered more efficiently, expeditiously and economically, and will not prejudice

any creditors of the Debtors' individual estates.  Accordingly, the Debtors respectfully submit that joint administration of the within Chapter 11 cases pursuant to Bankruptcy Rule 1015 is necessary and appropriate.

27.    It is respectfully submitted that the rights of the respective creditors of the Debtors' estates will not be adversely affected by the proposed joint administration of these cases because each creditor will still be permitted to file a proof of claim against a particular Debtor's estate.  The reduction in costs resulting from the joint administration will actually inure to the benefit of creditors.

28.    In addition, the Court will not be forced to enter duplicate orders and the role of the United States Trustee will be simplified.  It is respectively submitted that, any prejudice resulting from the joint administration of the Chapter 11 Cases would be outweighed by the greater prejudice posed by the continued separate administration of the estates.

29.    In light of the foregoing, it is respectfully submitted that the joint administration of these cases, pursuant to Bankruptcy Rule 1015, will serve the best interests of the Debtors' estates and creditors generally.  In particular, the joint administration of these cases will avoid unnecessary costs and delay by eliminating duplicate filings with this Court, thereby facilitating the efficient and economic administration of the Debtors' estates.  Furthermore, the joint handling of the administrative matters attendant to the interrelated estates will aid in expediting the prosecution of these Chapter 11 cases.

## **NOTICE**

30.    Notice of this Motion has been provided to the United States Trustee, each party requesting notice under Bankruptcy Rule 2002 and each Debtors' creditor matrix.  The Debtors submit that no other or further notice need be provided.

31.     No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order directing the joint administration of the Debtors Chapter 11 cases, and grant such further relief as is just and proper.

Respectfully Submitted,

Dated: May 25, 2021        By: __*/s/ Edmond M. George*__
                                Edmond M. George, Esquire
                                Michael D. Vagnoni, Esquire
                                OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                Centre Square West
                                1500 Market Street, Suite 3400
                                Philadelphia, PA 19102
                                Phone:  (215) 665-3140
                                Fax:  (215) 665-3165
                                *Proposed Counsel to Chapter 11 Debtors 1121 Pier Village LLC, Penn Treaty Homes LLC, 2626 Frankford LLC, 285 Kingsland LLC, 231 E 123 LLC and 193 Hancock LLC*