**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | **:** | **Chapter 11** |
| | **:** | |
| **1121 PIER VILLAGE LLC,** | **:** | **Bankruptcy No. 21-11466 (ELF)** |
| | **:** | **(Jointly Administered)** |
| **Debtor, et al.** | **:** | |
| | **:** | |

**MOTION OF DEBTORS TO ESTABLISH BAR DATES PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(a)(7) AND 3003(c)(3)**

1121 Pier Village LLC, Penn Treaty Homes LLC,  2626 Frankford LLC, 285 Kingsland LLC, 231 E 123 LLC and 193 Hancock LLC (collectively the "Debtors"), by and through their counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby moves this Court for an Order establishing the bar date for filing proofs of claim ("Claims") and/or interests ("Interests") in the Debtors' Chapter 11 bankruptcy cases and approving the form and manner of notice thereof (the "Motion").  In support thereof the Debtors state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the requested relief are 11 U.S.C. §§ 105(a), 501 and 502, and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(7), 3003(c)(3) and 5005(a).

**BACKGROUND**

2. On May 23, 2021 (the "Petition Date"), the Debtors each a filed voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

4825-1177-2401

3.      No request has been made for the appointment of a trustee or examiner in the Debtors' Chapter 11 Cases.

4.      The United States Trustee has not appointed an Official Committee of Unsecured Creditors in any of the Debtors' bankruptcy proceedings.

5.      Since the Petition Date, the Debtors have been carefully reviewing their finances in order to determine the best course of action and are preparing a plan of reorganization which requires that the universe of claims against it be determined.  Therefore, it is critical that the Debtors know the amount and character of the claims against them.

6.      As part of their analysis, the Debtors and their professionals must compare Claims and Interests recorded on the official proof of claim register to those claims reflected in the Debtors' books and records and Schedules of Assets and Liabilities.

## RELIEF REQUESTED

7.      Pursuant to Bankruptcy Rule 3003(c)(3) this Court may set a deadline for filing Claims and Interests (the "Bar Date"), as those terms are defined by the Bankruptcy Code, against the Debtors' estate (hereinafter a "Claim" or "Interest").

8.      Pursuant to L.B.R. 9014-2(a)(7), motions under Fed. R. Bank. P. 3003(c) are to be determined without a hearing and in a Chapter 11 case must be served upon the Clerks Service List.

9.      Federal Rule of Bankruptcy Procedure 2002(a)(7) provides that at least twenty one (21) day notice by mail of the time fixed for filing proofs of claim be given to the Debtors, the United States Trustee and all creditors of the Bar Date fixed by the Court within which Proofs of Claim shall be filed.

10.     The Debtors therefore believe that a Bar Date should be set giving the holders of

the Claims or Interests at least twenty-one (21) days after the service of notice to file a Proof of

Claim.  The Debtors respectfully request that August 4, 2021 be established as the general claims

bar date ("General Bar Date") and November 19, 2021 be set as the governmental unit claims bar

date ("Governmental Unit Bar Date").  The proposed Bar Date Notice is attached hereto as

Exhibit "A" and incorporated herein.

11.     The Bar Dates would apply to all persons or entities (each as defined in §§

101(41) and 101(15), respectively, of the Bankruptcy Code) holding Claims against the Debtors

(whether secured, priority, or unsecured) that arose prior to the Petition Date or Interests in the

Debtors, including the following:

> a.     Any person or entity whose Claim is listed in the Debtors' Schedules as "disputed," "contingent," or "liquidated" and that desires to participate in the Chapter 11 cases or share in any distribution in the Chapter 11 cases;

> b.     Any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

> c.     Any person or entity whose Claim against the Debtors is not listed in the Debtors' Schedules.

12.     The Debtors propose the following persons or entities would not need to file

Proofs of Claim:

> a.     Any person or entity that (a) agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtors is not listed as "disputed," "contingent," or "liquidated" in the Schedules;

> b.     Any person or entity that has already properly filed a Proof of Claim against the Debtors;

4825-1177-2401                                        3

c.     Any person or entity whose Claim against the Debtors previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

d.     Any person or entity asserting a Claim allowable under §§ 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expenses of the Debtors' Chapter 11 cases, except as set forth in any subsequent Order of the Bankruptcy Court; or

e.     Any holder of membership interests in the Debtors solely with respect to such holder's ownership interest in or possession of such membership interests.

13.     The Debtors seek to retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or Interest or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

14.     However, if the Debtors amend the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtors reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim.  The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with the notice that the Debtor has amended its Schedules of Assets and Liabilities to reduce the amount of, delete, or change the status of a scheduled claim of such claimant.  Notwithstanding the foregoing, nothing set forth herein will preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

15.     The Debtors request that notwithstanding anything in this Motion or the Order approving the Motion to the contrary, the holder of any Claim arising from the rejection of any executory contract or unexpired lease shall be required to file a Proof of Claim on account of

such Claim against the Debtors on or before the later of (a) the General Bar Date, or (b) thirty

(30) days after the effective date of such rejection.

16.     Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall

have 180 days after the Petition Date to file Proofs of Claim.  Accordingly, November 19, 2021

was set as the governmental unit claims bar date ("Governmental Unit Bar Date") in this case.

17.     The Debtors further request that pursuant to Fed. R. Bankr. P. 3003(c)(2), any

person or entity that is required to file a Proof of Claim in this Chapter 11 case but fails to do so

in a timely manner shall be forever barred, estopped and enjoined from: (a) asserting any Claim

against the Debtors that such person or entity has that (i) is in an amount that exceeds the

amount, if any, that is set forth in the Schedules, or (ii) is of a different nature of in a different

classification; and (b) voting upon, or receiving distributions under any plan or reorganization in

this Chapter 11 cases in respect to an Unscheduled Claim.

18.     In conjunction with setting the Bar Dates, the Debtors must ensure that all

interested parties receive appropriate notice of such dates.  Pursuant to Bankruptcy Rule

2002(a)(7), the Debtors intend to serve a notice of the Bar Date upon all known creditors and

parties in interest, in accordance with Bankruptcy Rule 9007, and all parties requesting notice

pursuant to Bankruptcy Rule 2002, by first class United States mail at least twenty-one (21) days

before the General Bar Date.  The Debtors request that the notice attached hereto as Exhibit "A"

(the "Bar Date Notice") be approved as the form of notice provided to all creditors and parties in

interest.  Given the twenty-day notice period contemplated by the Debtors, creditors would have

more than sufficient notice, time and opportunity to file their Proofs of Claim.

19.     The Debtors propose that for a Proof of Claim form (conforming to Official

Bankruptcy Form No. B 410) to be validly and properly filed, a signed original thereof, together

4825-1177-2401                                    5

with accompanying documentation must be filed by submitting a Proof of Claim with the Clerk

of the Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400,

Philadelphia, PA 19107-4299 or by electronic means via the Bankruptcy Court's CM/ECF

electronic filing system so that such Proof of Claim is actually received on or before the General

Bar Date, or in the case of claims asserted by a governmental unit, on or before the

Governmental Unit Bar Date, and a copy of the Proof of Claim or Interest must also be served

upon the Debtors' counsel at the following address on or before the respective Bar Dates:

Edmond M. George, Esquire, OBERMAYER REBMANN MAXWELL & HIPPEL LLP, Centre Square

West, 1500 Market Street, Suite 3400, Philadelphia, PA  19102.

20.	The proposed Bar Date Notice will (a) advise creditors that they are able to file a

Proof of Claim or Interest in this Chapter 11 case; (b) alert creditors to the consequences of

failing to timely file a Proof of Claim; (c) specify the form to be used in filing a Proof of Claim

or Interest; (d) set forth the Bar Dates; (e) set forth the addresses to which Proofs of Claim must

be sent for filing; and (f) notify creditors that Proofs of Claim or Interests must be filed with

original signatures and not by facsimile.

21.	The Debtors submit that the Bar Date Notice will provide creditors with sufficient

information to timely file a properly prepared and executed Proof of Claim.

22.	No previous motion for the relief requested herein has been made by the Debtors

to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an Order in the

form attached setting a Bar Date for the holders of the Claims and Interests, approving the

attached form of Bar Date Notice, and for such other and further relief.

4825-1177-2401

Respectfully submitted,

Dated: July 7, 2021            By:      */s/ Edmond M. George*
                                        Edmond M. George, Esquire
                                        Michael D. Vagnoni, Esquire
                                        Obermayer Rebmann Maxwell & Hippel LLP
                                        Centre Square West
                                        1500 Market Street, Suite 3400
                                        Philadelphia, PA  19102
                                        Telephone: (215) 665-3140
                                        Facsimile: (215) 665-3165
                                        *Counsel to the Debtors*

4825-1177-2401                                7