# Exhibit B

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | : |
| | : |
| **1121 PIER VILLAGE LLC,** | : **Chapter 11** |
| **PENN TREATY HOMES LLC,** | : **Lead Case No. 21-11466-ELF** |
| **2626 FRANKFORD LLC,** | : |
| **285 KINGSLAND LLC,** | : **Jointly Administered** |
| **231 E 123 LLC,** | : |
| **193 HANCOCK LLC,** | : |
| | : |
| **Debtors.** | : |
| | : |

### ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (B) SCHEDULING HEARING TO CONSIDER SALE AND APPROVING FORM AND MATTER OF NOTICES; (C) APPROVING EXPENSE REIMBURSEMENT PROVISION AND BREAK-UP FEE; AND (D) GRANTING RELATED RELIEF

**AND NOW**, upon consideration of the motion (the "Motion") of Debtors Penn Treaty Homes LLC and 1121 Pier Village LLC (collectively the "Debtors"), requesting entry of an order (A) approving certain bid procedures with respect to the proposed Sale[1] of substantially all of the assets of the Debtors (the "Assets"), as more fully set forth in that certain asset purchase agreement (the "Asset Purchase Agreement") by and between Debtors and the Purchaser, (B) scheduling a hearing (the "Sale Hearing") and approving the form and manner of notice of the Auction, the Bid Procedures (as defined below) and certain Assumption and Assignment Procedures, (C) approving the Expense Reimbursement and Break-Up Fee, to the extent applicable and (D) granting related relief; and the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtors, their estate, creditors and other parties-in-interest; and due and appropriate notice of the Motion and the relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested therein having been provided by the Debtors, pursuant to Bankruptcy Rules 4001(b) and 4001(c)(1), to (i) the Debtors' top twenty (20) unsecured creditors; (ii) the Office of the United States Attorney for the Eastern District of Pennsylvania; (iii) counsel to Sharestates Intercap Line LLC; (iv) counsel to the Purchaser; (v) Keen Realty LLC; (vi) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; (vii) all taxing authorities or recording offices which have a reasonably known interest in the Assets, including, but not limited to the Commonwealth of Pennsylvania and the City of Philadelphia and the Internal Revenue Service; (viii) the Environmental Protection Agency; (ix) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (x) all counter-parties to contracts with the Debtors related to the Assets; (xi) all entities known to have expressed a bona fide interest in acquiring all or portions of the Assets; (xii) the Office of the United States Trustee for the Eastern District of Pennsylvania; (xiii) the Securities and Exchange Commission; (xiv) the 2002 List; (xv) parties on the Matrix filed by the Debtors; and (xvi) all of the Debtors' equity holders (collectively, the "Notice Parties"); and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, CONCLUDED, AND DECLARED THAT:[2]**

1.      This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b).  Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

2.      The statutory bases for the relief requested herein are Sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, 6004, 6006, 9007, and 9014, and Local Rule 6004-1 and 9014-3.

3.      Notice of the Motion and proposed entry of this Order has been provided to the Notice Parties.  In addition, requisite notice of the Motion and the relief requested thereby, and this Order has been provided in accordance with Bankruptcy Rules 4001(c), 4001(d) and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, Bankruptcy Code section 102(1), and no further notice of, or hearing on, the Motion or this Order is necessary or required.

4.      The Debtors' proposed notice of the (i) proposed Sale, (ii) bid procedures attached hereto as **Exhibit "1"** (the "Bid Procedures"), (iii) Assumption and Assignment Procedures attached hereto as **Exhibit "2"** and (iv) Cure Notice and Supplemental Contract Notice, in substantially the forms attached hereto as **Exhibits "4"** and **"5"** respectively, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale of the Assets, the Auction, the Asset Purchase Agreement, the Bid Procedures, and the proposed Cure Amounts to be employed in connection therewith.

5.      The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting the relief requested in the Motion, including approval of: (1) the Bid Procedures attached hereto as **Exhibit "1**," (2) the Break-up Fee and Expense Reimbursement, to the extent applicable, as provided for in the Motion and the Bid Procedures, (3) the Assumption and Assignment Procedures attached hereto as **Exhibit "2,"** (4) the Auction and Sale Notice attached hereto as **Exhibit "3"** (the "Auction and Sale Notice") and (5) the Cure Notice and Supplemental Contract Notice attached hereto as **Exhibits "4" and "5."**

OMC\4847-3587-3272.v1-8/30/21

6.      The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Sale Motion, including approval of the Sale and the transfer of the Assets to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances (other than permitted encumbrances and expressly assumed liabilities) pursuant to section 363(f) of the Bankruptcy Code.

7.      The Break-Up Fee and Expense Reimbursement, to the extent applicable, are essential inducements and conditions relating to Purchaser's entry into, and continuing obligations under, the Asset Purchase Agreement.  Unless Purchaser is assured that the Break-Up Fee and Expense Reimbursement, if applicable, will be available, Purchaser is unwilling to remain obligated to consummate the Sale or otherwise be bound under the Asset Purchase Agreement (including the obligations to maintain its committed offer while such offer is subject to higher or otherwise better offers as contemplated by the Bid Procedures).  The bid protections induced Purchaser to submit a bid that will serve as a minimum or floor bid at the Auction on which the Debtors, their creditors, and other bidders can rely.  Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the Debtors' assets will be received.  Accordingly, the Break-Up Fee and Expense Reimbursement, if applicable, provide an actual benefit to the Debtors' estates, are necessary to preserve the Debtors' estates, represent the best method for maximizing value for the benefit of the Debtors' estates, and are reasonable and appropriate under the circumstances.

8.      The form and scope of the Auction and Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, the Bid Procedures, and the Auction.

OMC\4847-3587-3272.v1-8/30/21

9.      The notices to counterparties of Assumed Contracts provided in accordance with the Assumption and Assignment Procedures are reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

10.     The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and it is therefore

**ORDERED, ADJUDGED, AND DECREED THAT:**

11.     The relief requested in the Motion is granted to the extent set forth herein.

12.     This Order shall be valid, binding, and enforceable on all parties-in-interest and fully effective immediately upon entry.

13.     The Bid Procedures attached hereto as **Exhibit "1"** are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed Sale of the Assets.  The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

14.     The Assumption and Assignment Procedures attached hereto as **Exhibit "2"** are hereby approved and fully incorporated into this Order.

15.     The Cure Notice and the Supplemental Contract Notice attached hereto as **Exhibits "4," and "5"** respectively are hereby approved and fully incorporated into this Order.

16.     All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

17.     The deadline for submitting a Qualified Bid is _____ (prevailing Eastern Time) (the "Bid Deadline").

18.     Purchaser's bid is a Qualified Bid for all purposes.

5

19.    As provided in the Bid Procedures, the Debtors shall conduct the Auction on

_____ (prevailing Eastern Time) at the offices of Obermayer Rebmann

Maxwell & Hippel, LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA

19102, if more than one Qualified Bid is timely received.

20.    The Auction and Sale Notice is approved in all respects.  All parties-in-interest

shall receive or be deemed to have received good and sufficient notice of all relief sought in the

Motion, including but not limited to the Auction, the Bid Deadline, the Bid Procedures, the Sale

Hearing, the Sale and the assumption and assignment of the Assumed Contracts if, (a) within two

(2) business days of the date of entry of this Order, the Debtors serve the Auction and Sale Notice

on (i) the Debtors' top twenty (20) unsecured creditors; (ii) the Office of the United States

Attorney for the Eastern District of Pennsylvania; (iii) counsel to Sharestates Intercap Line LLC;

(iv) counsel to the Purchaser of the Assets; (v) Keen Realty LLC; (vi) all entities known to have

asserted any lien, claim, interest or encumbrance in or upon any of the Assets; (vii) all taxing

authorities or recording offices which have a reasonably known interest in the Assets, including,

but not limited to the Pennsylvania Department of Revenue, the City of Philadelphia and the

Internal Revenue Service; (viii) the Environmental Protection Agency; (ix) the state/local

environmental agencies in the jurisdictions where the Debtors own or lease real property; (x) all

counterparties to contracts with the Debtors related to the Assets; (xi) all entities known to have

expressed a bona fide interest in acquiring all or portions of the Assets; (xii) the Office of the

United States Trustee for the Eastern District of Pennsylvania; (xiii) the Securities and Exchange

Commission; (xiv) the 2002 List; (xv) parties on the Matrix filed by the Debtors; and (xvi) all of

the Debtors' equity holders.

OMC\4847-3587-3272.v1-8/30/21

21.     In addition to the foregoing, as soon as practicable, but in any event no later than seven (7) business days after the entry of this Bid Procedures Order, the Debtors shall publish the Auction and Sale Notice (modified for publication, as necessary) in the national edition of the Wall Street Journal, USA Today, national editions, or such other similar national publication selected by the Debtors.

22.     The Sale Hearing shall be conducted on _____ (prevailing Eastern Time).  The Debtors shall seek entry of an order at the Sale Hearing approving and authorizing the Sale to the Successful Bidder on terms and conditions substantially consistent with the Asset Purchase Agreement, as appropriate, and as such agreement may be amended or modified.  Subject to the Bid Procedures, the Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

23.     Objections, if any, to the relief requested in the Sale Motion must be filed by _____ (prevailing Eastern Time) and must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania; and (d) be served so as to be received by: (i) the Debtors; (ii) counsel to the Debtors; (iii) counsel to the Debtors' prepetition lender Sharestates Intercap Line LLC; (iv) the Office of the United States Trustee; (v) counsel to the Purchaser; and (vi) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

24.     The Break-Up Fee and Expense Reimbursement, to the extent applicable, are hereby approved, and the Debtors are authorized to pay the Break-Up Fee and Expense Reimbursement to the Purchaser in the event of: (i) the Purchaser is not the Successful Bidder at the Auction; (ii) the Debtors withdraw this Motion subsequent to the entry of this Order; and (iii) as otherwise provided in the Asset Purchase Agreement.  The obligation to pay the Break-Up Fee

and Expense Reimbursement shall constitute an administrative expense of the Debtors' estates under section 503(b)(1) of the Bankruptcy Code to the extent that Purchaser is not the Successful Bidder.  Purchaser shall not waive the right to payment of the Break-Up Fee and Expense Reimbursement by bidding or rebidding at the Auction.  If payment of the Break-Up Fee and Expense Reimbursement is required, the Debtors are authorized to take all necessary steps and is hereby directed, without need for any application, motion, or further order of this Court, to pay the Break-Up Fee and Expense Reimbursement to Purchaser upon the terms set forth in the Motion and the Bid Procedures.

25.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

27.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

29.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Asset Purchase Agreement and this Order.  To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

OMC\4847-3587-3272.v1-8/30/21

BY THE COURT:

Dated:                                          _____
                                                The Honorable Eric L. Frank
                                                United States Bankruptcy Judge

## **Exhibit 1**

**Bid Procedures**

OMC\4847-3587-3272.v1-8/30/21

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | : |
| | : |
| **1121 PIER VILLAGE LLC,** | : |
| **PENN TREATY HOMES LLC,** | : |
| **2626 FRANKFORD LLC,** | : |
| **285 KINGSLAND LLC,** | : |
| **231 E 123 LLC,** | : |
| **193 HANCOCK LLC,** | : |
| | : |
| **Debtors.** | : |
| | : |

**Chapter 11**

**Lead Case No. 21-11466-ELF**

**Jointly Administered**

## BID PROCEDURES

1121 Pier Village LLC and Penn Treaty Homes LLC, debtors and debtors-in-possession (the "Debtors"), have filed chapter 11 cases pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") jointly administered under Case No. 21-11466 (ELF).  By motion dated August 27, 2021 (the "Motion"), the Debtors sought, among other things, approval of the process and procedures set forth below (the "Bid Procedures") through which they will determine the highest and best offer for the Assets, as defined in the Asset Purchase Agreement (as defined below) (the "Assets").   On _____, the Bankruptcy Court entered an order approving, among other things, the Bid Procedures (the "Bid Procedures Order").

On _____, as further described in these Bid Procedures, the Motion and the Bid Procedures Order, the Bankruptcy Court shall conduct the Sale Hearing at which the Debtors shall seek entry of the Sale Order authorizing and approving the sale of the Assets (the "Proposed Sale") to the Purchaser (defined below) or to one or more other Qualified Bidders (defined below) that the Debtors determine to have made the highest and best offer.

      1.    <u>Agreement</u>

On _____, the Debtors entered into an asset purchase agreement (the "Asset Purchase Agreement") with Purchaser (the "Purchaser"), such Asset Purchase Agreement being deemed a Qualified Bid, pursuant to which the Purchaser proposes to acquire the Assets. The transaction contemplated by the Asset Purchase Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to Bankruptcy Code section 363.

      2.    <u>Assets to be Sold/Purchase Price</u>

The Debtors shall offer for sale the Assets.  The purchase price for the Assets is $12 million, adjusted upward or downward pursuant to the terms of the Asset Purchase Agreement.

3.     Mailing the Auction and Hearing Notice

No later than two (2) business days after the entry of the Bid Procedures Order, the Debtors will cause the Auction and Sale Notice, as defined in the Bid Procedures Order, to be sent by first-class mail, postage prepaid to (i) the Debtors' top twenty (20) unsecured creditors; (ii) the Office of the United States Attorney for the Eastern District of Pennsylvania; (iii) counsel to Sharestates; (iv) counsel to the Purchaser; (v) Keen Realty LLC ("Keen"); (vi) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; (vii) all taxing authorities or recording offices which have a reasonably known interest in the Assets, including, but not limited to the Commonwealth of Pennsylvania and the City of Philadelphia and the Internal Revenue Service; (viii) the Environmental Protection Agency; (ix) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (x) all counterparties to contracts with the Debtors related to the Assets; (xi) all entities known to have expressed a bona fide interest in acquiring all or portions of the Assets; (xii) the Office of the United States Trustee for the Eastern District of Pennsylvania; (xiii) the Securities and Exchange Commission; (xiv) the 2002 List; (xv) parties on the Matrix filed by the Debtors; and (xvi) all of the Debtors' equity holders (collectively, the "Notice Parties").

4.     The Bidding Process

Set forth below is the general process to be employed by the Debtors with respect to the proposed Sale of their assets:

(i)     Any person interested in making an offer to purchase the Debtors' assets shall comply with these procedures.

(ii)     Only Qualified Bids (as defined below) shall be considered by the Debtors.

(iii)     If the Debtors do not receive a Qualified Bid other than the Asset Purchase Agreement prior to the Bid Deadline (as defined below), then the Purchaser's offer to acquire the Assets under the Asset Purchase Agreement shall constitute the highest or otherwise best Qualified Bid (the "Successful Bid").

(iv)     If the Debtors receive a Qualified Bid other than the Asset Purchase Agreement prior to the Bid Deadline, then the Debtors shall select a Qualified Bid as the Successful Bid after the Debtors have conducted an Auction (as defined below) and considered, among other things, the total consideration to be received by their estates as well as other financial and contractual terms relevant to the proposed Sale, including those factors affecting the speed and certainty of consummating the proposed Sale.

(v)     Upon failure to consummate the proposed Sale because of a breach on the part of the Successful Bidder after an Order entered at the

OMC\4847-3587-3272.v1-8/30/21

Sale Hearing, the Debtors shall be permitted to select the next highest or otherwise best bid to be the Successful Bid and to consummate such transaction without further Order of the Bankruptcy Court.

(vi)     The Good Faith Deposits of the Successful Bidder and the second-highest bidder at the Auction (the "Back-Up Bidder") shall be held in escrow in an interest-bearing account, and all Qualified Bids will remain open, notwithstanding Bankruptcy Court approval of a Sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier of (1) the closing of the Sale of the Assets, (2) the date that is 30 days after entry of a Sale Order approving a Sale to the Successful Bidder, or (3) the date that is 35 days after the Auction (the "Return Date").  Purchaser's Bid will remain open, notwithstanding Bankruptcy Court approval of a Sale pursuant to the terms of a Successful Bid by a Qualified Bidder other than Island Capital Partners, for a period of 10 days after the Auction. On the Return Date, if the Debtors have not completed a Sale to such bidder, the Debtors shall return the Good Faith Deposit of the Back-Up Bidder, with accrued interest.  The Debtors shall return the Good Faith Deposits of all bidders other than the Successful Bidder and the Back-Up Bidder within two (2) business days after the Auction.

5.     <u>Participation Requirements</u>

Unless otherwise ordered by the Bankruptcy Court for cause shown, in order to participate in the Sale process, each person (a "Potential Purchaser") shall deliver to the Debtors and an escrow agent to be determined pursuant to the Asset Purchase Agreement:

(i)     an executed confidentiality agreement in form and substance satisfactory to the Debtors; and

(ii)     financial disclosures acceptable to the Debtors demonstrating such Potential Purchaser's ability to close the proposed transaction and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed and assigned.

A "Qualified Bidder" is (1) the Purchaser, or (2) a Potential Purchaser that delivers the documents described in subparagraphs 5(i) and (ii) above and that the Debtors determine is reasonably likely (based on the availability of financing, experience, and other considerations) to submit a bona fide offer and to be able to consummate the proposed Sale if selected as the Successful Bidder.

3

The Debtors shall determine whether a Potential Purchaser is a Qualified Bidder and shall provide written notice of their determination to such Potential Purchaser and to each then existing Qualified Bidder.

6.    Due Diligence

Subject to the Debtors' receipt of an executed confidentiality agreement in form and substance satisfactory to it, the Debtors shall afford each Potential Purchaser due diligence access to the Assets.  The Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline.

7.    Bid Deadline and Requirements

A "Qualified Bid" is (1) the Purchaser's offer to acquire the Assets pursuant to the Asset Purchase Agreement, or (2) another Qualified Bidder's offer to acquire the Assets if such offer was received prior to the Bid Deadline and if such offer included each of the following (collectively, a "Bid Package"):

(i)    An executed copy of an asset purchase agreement (including schedules and exhibits, the "Modified Asset Purchase Agreement"): (a) marked to reflect changes to the Asset Purchase Agreement (b) irrevocable until the earlier of 30 days after the Auction or two business days after a proposed Sale is consummated and (c) for the purchase of substantially all of the Assets, with no closing conditions other than those set forth in the Asset Purchase Agreement, in exchange for a cash purchase price that exceeds the Purchase Price (as such term is defined in the Asset Purchase Agreement) by at least $250,000 (representing the initial bid increment plus the combined Break-Up Fee and Expense Reimbursement, the "Minimum Cash Amount").

(ii)   Financial and other information satisfactory to the Debtors setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code, with respect to any Assumed Contracts.

(iii)  A written statement that the bid is not conditioned on (a) obtaining financing or other financing contingencies or (b) the outcome of unperformed due diligence by the bidder.

(iv)   A written statement identifying any regulatory approval(s) that is required for the bidder's proposed acquisition of the Assets and the anticipated time frame for the filing of any requests for such approval(s) and the obtaining of such regulatory approval(s).

In order to be considered, Bid Packages must be received on or before noon, prevailing Eastern Time, on _____ (the "Bid Deadline") and, except as may be instructed otherwise with respect to the Good Faith Deposit, should be delivered to (i) the

4

Debtors, Penn Treaty Homes LLC and 1121 Pier Village LCL, 93-16 71st Drive, Forest Hills, NY 11375-6709; and (ii) counsel for the Debtors, Obermayer Maxwell & Hippel, LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire; and (iii) an escrow agent to be determined pursuant to the Asset Purchase Agreement.

After the Bid Deadline, the Debtors, and their advisors (including counsel and investment banker), shall determine which Qualifying Bid represents the then highest or otherwise best value to the Debtors (the "Baseline Bid"). The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the estate, including, *inter alia*, the following: (i) the amount and nature of the consideration; (ii) the proposed assumption of any liabilities, if any; (iii) the ability of the Qualified Bidder to close the proposed transaction; (iv) the proposed closing date and the likelihood, extent, and impact of any potential delays in closing; (v) any purchase price adjustments; (vi) the impact of the contemplated transaction on any actual or potential litigation; and (vii) the net economic effect of any changes from the Asset Purchase Agreement, if any, contemplated by the proposed transaction documents (collectively, the "Bid Assessment Criteria"). At least 24 hours prior to the Auction, the Debtors shall distribute copies of the Baseline Bid to each Qualifying Bidder.

8.    Auction

If the Debtors receive a Qualified Bid other than that of the Purchaser and conclude that any such Qualified Bid is a higher and better bid than the Asset Purchase Agreement, the Debtors will conduct an Auction. The Auction shall take place at the offices of Obermayer Rebmann Maxwell & Hippel, LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 on _____ prevailing Eastern Time, with a remote participation option. Subject to the "Reservation of Rights" set forth below, the Auction shall be governed by the following procedures:

(i)    Only a Qualified Bidder who has submitted a Qualified Bid (including the Purchaser) shall be eligible to attend and participate in the Auction.

(ii)    Each Qualified Bidder shall be required to verbally confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale.

(iii)    The Auction shall begin with the Baseline Bid (which, as a Qualified Bid, will provide for at least the Minimum Cash Amount) and proceed in minimum additional increments of $250,000.00.

(iv)    Each bid at the Auction must meet each of the criteria of a Qualified Bid, other than the requirement that it be received prior to the Bid Deadline.

(v)     All bids shall be placed on the record, which shall either be transcribed or videotaped, and each bidder shall be informed of the terms of the previous bid.

(vi)    The Auction shall continue until there is only one offer that the Debtors, and their advisors (including counsel and Keen Realty LLC), determine is the Successful Bid.  In determining which Qualified Bid to select as the Successful Bid, the Debtors, and their advisors (including counsel and Keen Realty LLC), may consider, among other things, (1) the amount of the purchase price; (2) the form of consideration being offered; (3) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; and (4) the net benefit to the Debtors' estates and creditors. The Debtors shall present the Successful Bid to the Bankruptcy Court for approval at the Sale Hearing.

(vii)   The Debtors, and their advisors, in their reasonable discretion, may adopt rules for the Auction at or prior to the Auction that, in its reasonable discretion, will better promote the goals of the Auction and that are consistent with any of the provisions of the Bid Procedures Order; provided, however, that the Debtors may not without the consent of the Purchaser modify (1) the dates set for the Bid Deadline, the Auction or the Sale Hearing; (2) the definition of a Qualified Bid.

9.      <u>Bid Protections</u>.

Purchaser is entitled to a Break-Up Fee in the amount of $120,000.00 and an Expense Reimbursement in the amount not to exceed $150,000.00 (including fees and expenses of counsel) incurred by Purchaser in connection with the negotiation, documentation, and implementation of the Asset Purchase Agreement and the transactions contemplated hereby.

10.     <u>Sale Hearing</u>

The Sale Hearing shall take place in the courtroom of Honorable Eric L. Frank in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Suite 400, Courtroom 1, 2nd Floor, Philadelphia, PA 19107 on _____ prevailing Eastern Time.  With the consent of the Successful Bidder, the Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing or otherwise.  At such Sale Hearing, the Debtors shall present the Successful Bid to the Bankruptcy Court for approval.

11.     <u>Reservation of Rights</u>

In addition to their rights set forth in section 8 (vii) above, the Debtors and their advisors (including counsel and investment banker), may modify these Bid Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the proposed Sale of their

OMC\4847-3587-3272.v1-8/30/21

assets if in their reasonable judgment such modifications would be in the best interest of the Debtors' estate and promote an open and fair sale process, so long as such modifications and/or additional terms are consistent with the provisions of the Asset Purchase Agreement.

7

**<u>Exhibit 2</u>**

**Assumption and Assignment Procedures**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | |
| **1121 PIER VILLAGE LLC,** | : | **Chapter 11** |
| **PENN TREATY HOMES LLC,** | : | **Lead Case No. 21-11466-ELF** |
| **2626 FRANKFORD LLC,** | : | |
| **285 KINGSLAND LLC,** | : | **Jointly Administered** |
| **231 E 123 LLC,** | : | |
| **193 HANCOCK LLC,** | : | |
| | : | |
| **Debtors.** | : | |
| | : | |

**ASSUMPTION AND ASSIGNMENT PROCEDURES**

1121 Pier Village LLC and Penn Treaty Homes LLC debtors and debtors-in-possession (collectively the "Debtors"), have filed chapter 11 cases pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") jointly administered under Case No. 21-11466 (ELF).  By motion dated September 1, 2021 (the "Motion"), the Debtors sought, among other things, approval of the process and procedures (the "Bid Procedures") through which they will determine the highest and best offer for the Assets, as defined in the Asset Purchase Agreement (as defined below) (the "Assets").  On _____ the Bankruptcy Court entered its order (the "Bid Procedures Order") which, among other things, approved the Bid Procedures.

On _____ as further described in the Bid Procedures, the Motion, and the Bid Procedures Order, the Bankruptcy Court shall conduct the Sale Hearing at which the Debtors shall seek entry of the Sale Order authorizing and approving the sale of the Assets (the "Proposed Sale") to the Purchaser (defined below) or to one or more other Qualified Bidders (defined below) that the Debtors determine to have made the highest and best offer.

On _____, the Debtors entered into an asset purchase agreement (the "Asset Purchase Agreement") with Purchaser (the "Purchaser"), pursuant to which the Purchaser proposes to acquire the Assets.  The transaction contemplated by the Asset Purchase Agreement is subject to competitive bidding and approval by the Bankruptcy Court pursuant to Bankruptcy Code section 363.

Set forth below are the assumption and assignment procedures (the "Assumption & Assignment Procedures") to be employed with respect to the proposed Sale of the Debtors' assets to the Purchaser.

Pursuant to the Motion and section 365 of the Bankruptcy Code, the Debtors request authority to assume and assign certain executory contracts and unexpired leases (the "Assumed

Contracts") to any Successful Bidder and to be relieved of any liability under such Assumed Contracts arising after the closing of the Sale according to the following procedures:

(i)   Within five (5) business days of the entry of the Bid Procedures Order, the Debtors shall file a schedule (the "Contract & Cure Schedule") (a) listing the Assumed Contracts, (b) listing the amount, if any, necessary to pay to cure such Assumed Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts"), (c) designating which of the Assumed Contracts have been designated for assumption and assignment by the Purchaser, (d) stating that the Purchaser have the right to delete any Assumed Contract initially designated for assumption and assignment from the final list of Assumed Contracts to be assumed and assigned at any time up to three (3) days prior to the Auction, and (e) stating that, in the event a bidder other than the Purchaser is the Successful Bidder, such other party has the right to designate Assumed Contracts for assumption and assignment that may be different than the contracts initially designated by the Purchaser and such Assumed Contracts will be set forth in a supplemental Contract Schedule (the "Supplemental Contract Schedule") to be served and filed within two (2) days after the Auction.

(ii)   Upon filing the Contract & Cure Schedule, a copy of the Contract & Cure Schedule, the Motion and all exhibits related thereto, the Auction and Sale Notice, the Bid Procedures Order, the Bid Procedures, and these Assumption and Assignment Procedures (collectively, a "Cure Package"), will be served on each of the counterparties to the Assumed Contracts.

(iii)   Any objections ("Assignment Objections") to the assumption and assignment of any Assumed Contract, including, but not limited to, objections relating to adequate assurance of future performance of the Purchaser or to the proposed Cure Amount set forth in the Contract & Cure Schedule, must be filed with the Bankruptcy Court and served upon counsel for the Debtors, Obermayer Rebmann Maxwell & Hippel LLP, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia PA 19102, Attn: Edmond M. George, Esquire, counsel to the Purchaser, and the Office of the United States Trustee, Office of The United States Trustee, Custom House, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106 no later than _____ __, 2021 at 4:00 p.m., prevailing Eastern Time (the "Sale and Assignment Objection Deadline"). Notably, *all* Assignment Objections based on the Debtors' proposed Cure Amounts must be filed by the Sale and Assignment Objection Deadline, even if the Successful Bidder at Auction is not the Purchaser.  Assignment Objections will be heard at the Sale

Hearing unless otherwise agreed to by the applicable parties or ordered by the Court.

(iv)     If the Successful Bidder at Auction is *not* the Purchaser, Assignment Objections relating *only* to adequate assurance of future performance shall be filed with the Bankruptcy Court and served upon counsel for the Debtors, Obermayer Rebmann Maxwell & Hippel LLP, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia PA 19102, Attn: Edmond M. George, Esquire, counsel to the Successful Bidder, and the Office of the United States Trustee, Office of The United States Trustee, Custom House, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106 no later than eleven (11) days after service of the Supplemental Contract Schedule.  A hearing to resolve any such objections will be held on a date to be determined.

(v)      Any counterparty to an Assumed Contract failing to file an Assignment Objection by the Sale and Assignment Objection Deadline shall be forever barred from (1) objecting to the Cure Amount set forth on the Contract Schedule with respect to its Assumed Contract; (2) seeking additional amounts arising under its Assumed Contract prior to the Closing from the Debtors, the Purchaser or other Successful Bidder; (3) objecting to the assumption and assignment of its Assumed Contract to the Purchaser; and (4) objecting to the adequate assurance to be provided by the Purchaser.

(vi)     Any counterparty to an Assumed Contract failing to file an Assignment Objection based on a Successful Bidder's adequate assurance within eleven (11) days after service of the Supplemental Contract Schedule shall be forever barred from objecting to the adequate assurance of future performance provided by the Successful Bidder.

(vii)    Except as may otherwise be agreed to by all parties to an Assumed Contract, the cure of any defaults under Assumed Contracts necessary to permit assumption and assignment thereof in accordance with section 365 of the Bankruptcy Code shall be by (1) payment of the undisputed Cure Amount, and/or (2) establishment of a reserve with respect to any disputed Cure Amount.  The party responsible for paying Cure Amounts shall be the party set forth in the applicable Asset Purchase Agreement or, if applicable, in an agreement between the Successful Bidder and the Debtors.

## **Exhibit 3**

**Auction and Sale Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | : |
| | : |
| | : **Chapter 11** |
| **1121 PIER VILLAGE LLC,** | : |
| **PENN TREATY HOMES LLC,** | : **Lead Case No. 21-11466-ELF** |
| **2626 FRANKFORD LLC,** | : |
| **285 KINGSLAND LLC,** | : **Jointly Administered** |
| **231 E 123 LLC,** | : |
| **193 HANCOCK LLC,** | : |
| | : |
| **Debtors.** | : |
| | : |

## NOTICE OF AUCTION AND SALE

**PLEASE TAKE NOTICE** that on September 1, 2021, Penn Treaty Homes LLC and 1121 Pier Village LLC, the above-captioned debtors and debtors-in-possession (collectively the "Debtors"), filed their *Combined Motion For Order (I) Scheduling Expedited Hearing, Reduced Notice Period and Limited Notice; (II) (A) Approving Bid Procedures Relating to the Sale of Debtors' Assets; (B) Scheduling Hearing to Consider Sale and Approving Form and Matter of Notices; (C) Approving Expense Reimbursement Provision and Break-Up Fee; and (D) Granting Related Relief and (III) (A) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Encumbrances and Interests, (B) Approving Asset Purchase Agreement, (C) Authorizing The Assumption and Assignment of the Assigned Contracts and (D) Granting Related Relief* (the "Sale/Bid Procedures Motion") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The Debtors have received a Qualified Bid[1] from Purchaser ("Purchaser"), as a stalking horse purchaser. The purchase price for the Assets is $12,000,000, adjusted upward or downward pursuant to the terms of the Asset Purchase Agreement. All parties that may be interested in submitting a bid for substantially all of the assets of Debtors (the "Assets") or any portion thereof or taking part in the Auction (as defined below) must read carefully the Bid Procedures Order (as defined below).

**PLEASE TAKE NOTICE** that following a hearing held on _____, the Bankruptcy Court entered an *Order (A) Approving Bid Procedures Relating to the Sale of Debtors' Assets; (B) Scheduling Hearing to Consider Sale and Approving Form and Matter of Notices; (C) Approving Expense Reimbursement Provision and Break-Up Fee; and (D) Granting Related Relief* (the "Bid Procedures Order") and scheduled a hearing to consider that portion of the Sale/Bid Procedures Motion in which the Debtors seek authority to, among other things, sell substantially all assets, free and clear of all liens, claims, encumbrances and interests for _____ (prevailing Eastern Time) (the "Sale Hearing").

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed them in the Bid Procedures Motion and/or the Bid Procedures.

Only those parties that submit Qualified Bids may participate in the Auction (as defined below). If you are interested in determining how to submit a Qualified Bid, you must comply with the terms of the Bid Procedures Order. Any party-in-interest wishing to receive a complete set of the asset purchase agreement, the Sale/Bid Procedures Motion, and the Bid Procedures Order may do so free of charge upon request to the undersigned.

In order to be considered, Bid Packages must be received on or before noon, prevailing Eastern Time, on _____ (the "Bid Deadline") and, except as may be instructed otherwise with respect to the Good Faith Deposit, should be delivered to (i) the Debtors, 1121 Pier Village LLC and Penn Treaty Homes LLC, 93-16 71st Drive, Forest Hills, NY 11375-6709; (ii) counsel for the Debtors, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire; and (iii) an escrow agent to be determined pursuant to the Asset Purchase Agreement.

If a Qualified Bid is received by the Bid Deadline, an auction (the "Auction") with respect to a contemplated transaction shall take place on _____ (prevailing Eastern Time) at Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held, the Purchaser will be deemed the Successful Bidder, the asset purchase agreement with the Purchaser (the "Asset Purchase Agreement") will be the Successful Bid and, at the Sale Hearing, the Debtors will seek approval of and authority to consummate the transaction contemplated by the Asset Purchase Agreement.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate in the Auction. Only the authorized representatives of each of the Qualified Bidders and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids. The bidding at the Auction shall start at the Baseline Bid as disclosed to all Qualified Bidders prior to commencement of the Auction, and continue in increments of $250,000.00 (the "Minimum Overbid Increment"). The highest and otherwise best Qualified Bid shall be determined by the Debtors in their discretion.

At the Sale Hearing, the Debtors will present the Successful Bid to the Bankruptcy Court for approval. The Debtors will sell the Assets to the Successful Bidder or to the Purchaser in accordance with the Asset Purchase Agreement if a higher and otherwise better Qualified Bid is not received and accepted as the Successful Bid. If the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of the Successful Bidder, the next highest and otherwise best Qualified Bid, as approved at the Sale Hearing, shall be deemed to be the Successful Bid and the Debtors shall be authorized to effect such a Sale without further order of the Bankruptcy Court.

If you seek to object to the sale of the Assets or any portion thereof, you must comply with the terms for making such objections as set forth in the Sale/Bid Procedures Motion and the Bid Procedures Order. Such objections must be filed with the Bankruptcy Court and served on the parties set forth in the Bid Procedures Order. If any party fails to timely file and serve an objection in accordance with the Bid Procedures Order, the Bankruptcy Court may disregard such objection. Any party seeking copies of the Sale/Bid Procedures Motion and Bid Procedures Order may receive copies by contacting Edmond M. George, counsel for the Debtors, (a) by

telephone at (215) 665-3140, (b) by electronic mail at edmond.george@obermayer.com, or (c) by mail to Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire.

Dated: _____, 2021                OBERMAYER REBMANN MAXWELL &
                                         HIPPEL LLP

                                         _____
                                         Edmond M. George, Esquire
                                         Michael D. Vagnoni, Esquire
                                         Centre Square West
                                         1500 Market Street, Suite 3400
                                         Philadelphia, PA  19102
                                         (215) 665-3140 (telephone)
                                         (215) 665-3165 (fax)
                                         Edmond.george@obermayer.com
                                         Michael.vagnoni@obermayer.com

                                         *Counsel for Debtors*

OMC\4847-3587-3272.v1-8/30/21

**<u>Exhibit 4</u>**

**Cure Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **1121 PIER VILLAGE LLC,** | : | |
| **PENN TREATY HOMES LLC,** | : | **Lead Case No. 21-11466-ELF** |
| **2626 FRANKFORD LLC,** | : | |
| **285 KINGSLAND LLC,** | : | **Jointly Administered** |
| **231 E 123 LLC,** | : | |
| **193 HANCOCK LLC,** | : | |
| | : | |
| **Debtors.** | : | |
| | : | |

**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT**
**OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

PLEASE TAKE NOTICE that on _____, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered its *Order (A) Approving Bid Procedures Relating to the Sale of Debtors' Assets; (B) Scheduling Hearing to Consider Sale and Approving Form and Matter of Notices; (C) Approving Expense Reimbursement Provision and Break-Up Fee; and (D) Granting Related Relief* (the "Bid Procedures Order"), pursuant to which the Bankruptcy Court approved bid procedures in connection with the motion of debtors 1121 Pier Village LLC and Penn Treaty Homes LLC (the "Debtors") to sell substantially all of their assets to Purchaser or the successful purchaser of the Debtors' assets at auction (the "Successful Bidder").

PLEASE TAKE FURTHER NOTICE that the hearing on the *Combined Motion For Order (I)(A) Approving Bid Procedures Relating to the Sale of Debtors' Assets; (B) Scheduling Hearing to Consider Sale and Approving Form and Matter of Notices; (C) Approving Expense Reimbursement Provision and Break-Up Fee; and (D) Granting Related Relief and (II)(A) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Encumbrances and Interests, (B) Approving Asset Purchase Agreement, (C) Authorizing the Assumption and Assignment of the Assigned Contracts and (D) Granting Related Relief* (the "Sale Motion") has been set for _____ (prevailing Eastern time) before the Honorable Eric L. Frank in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Suite 400, Courtroom 1, 2nd Floor, Philadelphia, PA 19107.  Pursuant to the Sale Motion, the Debtors seek, *inter alia*, the approval of the Bankruptcy Court for the sale of substantially all of the assets of the Debtors (the "Assets"), including the assumption and assignment of various executory contracts and unexpired leases (the "Assumed Contracts").

PLEASE TAKE FURTHER NOTICE that each of the executory contracts and unexpired leases that the Debtors may seek to assume and assign to the Successful Bidder are listed on

**Exhibit "A."**   Those agreements designated by the Purchaser as Assumed Contracts are identified on **Exhibit "A"** (the "Purchaser Designated Contracts").

PLEASE TAKE FURTHER NOTICE that the "Cure Amounts" included in **Exhibit "A"** hereto are the amounts that, based on the Debtors' books and records, the Debtors assert are owed to cure any defaults existing under the Assumed Contracts as of the Petition Date.[4]

PLEASE TAKE FURTHER NOTICE that (a) the Purchaser may add or remove agreements from the list of Purchaser Designated Contracts; and (b) a Successful Bidder, other than the Purchaser, may designate different agreements for assumption and assignment. Accordingly, the inclusion of any executory contract or unexpired lease on **Exhibit "A"** hereto is not, and should not be deemed to be, an agreement or acknowledgment by the Successful Bidder that such executory contract or unexpired lease is an Assumed Contract.

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit "B"** is information with respect to the Purchaser's adequate assurance of future performance under any Assumed Contracts. The Debtors and the Purchaser further reserve the right to present additional information with respect to the Purchaser's adequate assurance of future performance.

PLEASE TAKE FURTHER NOTICE that if you object to the assumption and assignment of your Assumed Contract, disagree with the Cure Amounts shown for the Assumed Contracts, or object to the Purchaser's ability to provide adequate assurance, you must file an objection in writing with the Bankruptcy Court on or before _____ and serve such objection so that it is actually received by the following parties as of that date: (i) counsel for the Debtors, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire; (ii) the Office of The United States Trustee, Custom House, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106; and (iii) counsel to the Purchaser. If you timely file an objection that you are unable to consensually resolve with the Debtors, such objection will be heard by the Bankruptcy Court at the hearing on the Sale Motion.

PLEASE TAKE FURTHER NOTICE that any and all objections based on the proposed Cure Amounts must be filed by the deadline set forth above, even if the Purchaser is not the Successful Bidder at Auction.

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE. ANY NON-DEBTOR PARTY TO ANY ASSUMED CONTRACTS WHO DOES NOT TIMELY OBJECT TO THE CURE AMOUNTS FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE COSTS, AS WELL AS THE

---

[4]   Your receipt of this notice does not constitute an admission by the Debtors that your agreement in fact constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtors expressly reserve the right to challenge the status of any agreement up until the time of the hearing on the Sale Motion (the "Sale Hearing").

ADEQUATE ASSURANCE OF FUTURE PERFORMANCE PROVIDED BY THE PURCHASER.

PLEASE TAKE FURTHER NOTICE that in the event the Purchaser is not the Successful Bidder, within two (2) days after the Auction, the Debtors will file a supplemental notice (the "Supplemental Contract Notice") containing the executory contracts and unexpired leases that the Debtors seek to assume and assign to the Successful Bidder. Such notice will also contain (a) adequate assurance information with regards to the Successful Bidder and (b) the deadline for parties to object to the proposed assumption and assignment on adequate assurance grounds. Only objections based on the Successful Bidder's adequate assurance may be filed in response to the Supplemental Contract Notice, to the extent applicable.

PLEASE TAKE FURTHER NOTICE that all requests for information concerning the Bid Procedures Order or the Sale Motion should be in writing directed to Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire or edmond.george@obermayer.com.

Dated: _____, 2021   OBERMAYER REBMANN MAXWELL & HIPPEL LLP

       _____

       Edmond M. George, Esquire
       Michael D. Vagnoni, Esquire
       Centre Square West
       1500 Market Street, Suite 3400
       Philadelphia, PA  19102
       (215) 665-3140 (telephone)
       (215) 665-3165 (fax)
       Edmond.george@obermayer.com
       Michael.vagnoni@obermayer.com
       *Counsel for Debtors*

**EXHIBIT "A"**

**Contracts/Leases to be Assumed and Assigned[1]**

| Non-Debtor Party and Address | Debtor Party | Contract/Lease | Date | Cure Amount | Purchaser Designated Contract |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

[1]      The Debtors reserve the right to amend this Exhibit.

OMC\4847-3587-3272.v1-8/30/21

# EXHIBIT "B"

## **Purchaser's Adequate Assurance**

OMC\4847-3587-3272.v1-8/30/21

## **Exhibit 5**

**Supplemental Contract Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| **1121 PIER VILLAGE LLC,** | : |
| **PENN TREATY HOMES LLC,** | : |
| **2626 FRANKFORD LLC,** | : |
| **285 KINGSLAND LLC,** | : |
| **231 E 123 LLC,** | : |
| **193 HANCOCK LLC,** | : |
| | : |
| **Debtors.** | : |
| | : |

**Chapter 11**

**Lead Case No. 21-11466-ELF**

**Jointly Administered**

**SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

PLEASE TAKE NOTICE that on _____, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered its *Order (A) Approving Bid Procedures Relating to the Sale of Debtors' Assets; (B) Scheduling Hearing to Consider Sale and Approving Form and Matter of Notices; (C) Approving Expense Reimbursement Provision and Break-Up Fee; and (D) Granting Related Relief* (the "Bid Procedures Order") pursuant to which the Bankruptcy Court approved bid procedures in connection with the motion of 1121 Pier Village LLC and Penn Treaty Homes LLC (the "Debtors") to sell substantially all of the assets of the Debtors (the "Sale Motion") to _____ or the successful purchaser of the Debtors' assets at auction (the "Successful Bidder"). An auction was thereafter held on _____, 2021 after which _____ (the "Purchaser") was determined to be the Successful Bidder.

PLEASE TAKE FURTHER NOTICE that the hearing on the Sale Motion has been set for _____ (prevailing Eastern Time) before the Honorable Eric L. Frank in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Suite 400, Courtroom 1, 2nd Floor, Philadelphia, PA 19107. Pursuant to the Sale Motion, the Debtors seek, *inter alia*, the approval of the Bankruptcy Court for the sale of substantially all of the assets of the Debtors (the "Assets"), including the assumption and assignment of various executory contracts and unexpired leases (the "Assumed Contracts").

PLEASE TAKE FURTHER NOTICE that each of the Assumed Contracts proposed to be assumed by the Debtors and assigned to the Purchaser are listed on **Exhibit "A"** hereto. [1]

---

[1]    Your receipt of this notice does not constitute an admission by the Debtors that your agreement in fact constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that the Purchaser may include, remove or exclude certain agreements from the list of Assumed Contracts by providing written notice to the Debtors and the affected counterparty prior to the Supplemental Sale Hearing (as defined below). Accordingly, the inclusion of any executory contract or unexpired lease on **Exhibit "A"** hereto is not, and should not be deemed to be, an agreement or acknowledgment by the Purchaser that such executory contract or unexpired lease is an Assumed Contract.

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit "B"** is information with respect to the Purchaser's adequate assurance of future performance under any Assumed Contracts. The Debtors and the Purchaser further reserve the right to present additional information with respect to the Purchaser's adequate assurance of future performance.

PLEASE TAKE FURTHER NOTICE that if you object to the adequate assurance of future performance provided by the Purchaser, you must file an objection in writing with the Court on or before **4:00 p.m. (prevailing Eastern Time) on the date that is eleven (11) days from the date of this notice**, and serve such objection so that it is actually received by the following parties as of that date: (i) counsel for the Debtors, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire; (ii) the Office of The United States Trustee, Custom House, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106; and (iii) counsel to the Purchaser. If you timely file an objection that you are unable to consensually resolve with the Debtors, such objection will be heard by the Court on _____ (prevailing Eastern time) (the "Supplemental Sale Hearing").

PLEASE TAKE FURTHER NOTICE that only objections based on the Purchaser's proposed adequate assurance may be filed in response to this notice. The deadline to object to the Cure Amounts shown on Exhibit "A" was _____, and thus any such objections not timely filed have been waived.

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT SHALL DEEM THAT YOU HAVE CONSENTED TO THE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE PROVIDED.

PLEASE TAKE FURTHER NOTICE that all requests for information concerning the Bid Procedures Order or the Sale Motion should be in writing directed to Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, Attn: Edmond M. George, Esquire or edmond.george@obermayer.com.

Dated: _____       OBERMAYER REBMANN MAXWELL &
                                 HIPPEL LLP

                                 _____
                                 Edmond M. George, Esquire
                                 Michael D. Vagnoni, Esquire
                                 Centre Square West
                                 1500 Market Street, Suite 3400

OMC\4847-3587-3272.v1-8/30/21

Philadelphia, PA  19102
(215) 665-3140 (telephone)
(215) 665-3165 (fax)
Edmond.george@obermayer.com
Michael.vagnoni@obermayer.com

*Counsel for Debtors*

OMC\4847-3587-3272.v1-8/30/21

**EXHIBIT "A"**

**Contracts/Leases to be Assumed and Assigned[1]**

| Non-Debtor Party and Address | Debtor Party | Contract/Lease | Date | Cure Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1]    The Debtors reserve the right to amend this Exhibit.

# EXHIBIT "B"

## Purchaser's Adequate Assurance

OMC\4847-3587-3272.v1-8/30/21