# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| **1121 PIER VILLAGE LLC,** | : |
| **PENN TREATY HOMES LLC,** | : |
| **2626 FRANKFORD LLC,** | : |
| **285 KINGSLAND LLC,** | : |
| **231 E 123 LLC,** | : |
| **193 HANCOCK LLC,** | : |
| | : |
| **Debtors.** | : |
| | : |

**Chapter 11**

**Lead Case No. 21-11466-ELF**

**Jointly Administered**

**ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS, FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS, (B) APPROVING ASSET PURCHASE
AGREEMENT (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
ASSIGNED CONTRACTS AND (D) GRANTING RELATED RELIEF**

Upon the Motion of the Debtors for Entry of an Order (A) Authorizing the Sale of
Substantially all of the Debtors' Assets, Free and Clear of Liens, Claims, Encumbrances and
Interests, (B) Approving Asset Purchase Agreement, (C) Authorizing the Assumption and
Assignment of the Assigned Contracts, and (D) Granting Related Relief  [Docket No. ____] (the
"Motion");[1]

This Court having held a hearing on _____ and entered an order dated
_____ (the "Bid Procedures Order"), pursuant to which this Court, *inter alia*:

(a)      approved the Bid Procedures;

(b)      approved the Assumption and Assignment Procedures;

(c)      established the date and time for the Auction;

(d)       established the date and time for the Sale Hearing;

---

[1]      Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

(e)    approved the form and manner of Auction and Sale Notice; and

(f)    approved the reimbursement of Expenses as provided in the Bid Procedures Motion and the Bid Procedures.

**THE COURT FINDS THAT:**

<u>**JURISDICTION, FINAL ORDER, AND STATUTORY PREDICATES**</u>

A.    This Court has jurisdiction over the Motion, the transactions contemplated by the Asset Purchase Agreement (as defined below), and any other ancillary documents and agreements related thereto pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

C.    The statutory and rule-based predicates for the relief sought in the Motion are Sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rules 2002, 6003, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1, 6004-1, and 9014-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

D.    _____ (the "Purchaser") is a party in interest in the Debtors' chapter 11 cases and has standing to raise, appear and be heard on any issue in such cases.

2

## SOUND BUSINESS PURPOSE

E.      The Debtors seek to convey the Assets, all of which are related to the Debtors' businesses.

F.      The Debtors have demonstrated both: (1) good, sufficient and sound business purposes and justifications for the sale of the Assets (the "Sale"); and (2) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization in that, among other things, the value of the Assets would be harmed by any delay of the Sale.  Time is of the essence in consummating the proposed Sale.

## HIGHEST AND BEST OFFERS

G.      On _____, this Court entered the Bid Procedures Order, approving Bid Procedures for the Assets.  The Bid Procedures provided a full, fair, and reasonable opportunity for any person to make an offer to purchase the Assets.  The Purchaser has complied with the Bid Procedures Order.

H.      As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing: (1) the Debtors have adequately marketed the Assets; (2) the purchase price contained in the Asset Purchase Agreement by and between the Debtors 1121 Pier Village LLC and Penn Treaty Homes LLC, as Sellers and Purchaser (the "Agreement") constitutes the highest and otherwise best offer for the Assets and provides fair and reasonable consideration therefor; (3) the Sale will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative; (4) no other party has offered to purchase the Assets for greater economic value to the Debtors or their estates; and (5) the consideration to be paid by the Purchaser under the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia.

### BEST INTEREST OF CREDITORS

I.      Approval of the Agreement and the consummation of the Sale to the Purchaser at this time are in the best interests of the Debtors, their creditors, their estates, and other parties-in-interest.

### GOOD FAITH

J.      The Agreement and each of the transactions contemplated therein were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion and from arm's-length bargaining positions after a period in which third parties had ample opportunity to seek information and enter into discussions or negotiations with the Debtors and their retained advisors and professionals concerning a sale of the Assets.  The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.  Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided or impose costs and damages under section 363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or applicable law.  Specifically, the Purchaser's discussions and negotiations with non-debtor parties to executory contracts and unexpired leases of the Debtors and other creditors of the Debtors were conducted in good faith, without collusion, from arm's length bargaining positions, and did not impair the ability of the Debtors or the Purchaser to fully and faithfully discharge their respective duties and obligations under the Bankruptcy Code.

K.      The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and the laws of the United States.

### NOTICE OF THE MOTION, THE AUCTION, AND THE CURE AMOUNTS

L.      As evidenced by the certificates of service filed with the Court: (1) proper, timely, adequate, and sufficient notice of the Motion and the Sale Hearing has been provided by the Debtors; (2) such notice was good, sufficient, and appropriate under the particular circumstances; and (3) no other or further notice of the Motion, the proposed Sale, the Bid Procedures, the Auction or the Sale Hearing is or shall be required.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to:

(i)      the Debtors' top twenty (20) unsecured creditors;

(ii)      the Office of the United States Attorney for the Eastern District of Pennsylvania;

(iii)      counsel to Sharestates;

(iv)      counsel to the Purchaser;

(v)      Keen;

(vi)      all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets;

(vii)      all taxing authorities or recording offices which have a reasonably known interest in the Assets, including, but not limited to the Commonwealth of Pennslyvania and the Internal Revenue Service;

(viii)      the Environmental Protection Agency;

(ix)      the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property;

(x)      all counter-parties to contracts with the Debtors related to the Assets;

(xi)      all entities known to have expressed a bona fide interest in acquiring all or portions of the Assets;

(xii)      the Office of the United States Trustee for the Eastern District of Pennsylvania;

(xiii)   the Securities and Exchange Commission;

(xiv)   the 2002 List;

(xv)   parties on the Matrix filed by the Debtors; and

(xvi)   all of the Debtors' equity holders.

M.   Additionally, the Debtors published notice of the Sale in the national edition of the Wall Street Journal, USA Today, national editions, or such other similar national publication selected by the Debtors.  With regard to parties who have claims against the Debtors, but whose identities are not reasonably ascertainable by the Debtors, the Court finds that such publication notice was sufficient and reasonably calculated under the circumstances to reach such parties.

N.   In accordance with the provisions of the Bid Procedures Order, the Debtors have served notice of their intent to assume and assign each contract and lease listed on the Cure Notice (collectively, the "Assumed Contracts") and of the related proposed cure amounts upon each non-debtor counter-party to the Assumed Contracts.  The service of such notice was good, sufficient, and appropriate under the circumstances, and no further notice need be given with respect to the cure amounts for the Assumed Contracts listed in the Cure Notice and the assumption and assignment of the Assumed Contracts.  All non-debtor parties to the Assumed Contracts identified in the Cure Notice have had a reasonable opportunity to object to both the cure amounts listed in the Cure Notice and the assumption and assignment of the Assumed Contracts.

O.   The cure amounts, if any, set forth on the Cure Notice with respect to each Assumed Contract (collectively, the "Cure Amounts") are the sole amounts necessary under sections 365(b)(1)(A) and (B) and section 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay actual pecuniary losses under such Assumed Contracts arising or accruing prior to the Petition Date.

## SECTION 363(F) REQUIREMENTS MET FOR FREE AND CLEAR SALES

P.      The Debtors may sell the Assets free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever (collectively, "Claims") (except as otherwise provided in the Agreement), because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  Those holders of Claims who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Claims who did object to the Sale of the Assets free and clear of Claims fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Claims, if any, attach to the proceeds of the Sale ultimately attributable to the property against which they have a Claim, in the same order of priority and with the same validity, force and effect that such holder had prior to the Sale, subject to any defenses of the Debtors.

Q.      The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the Assets were not free and clear of all Claims except those expressly assumed by the Purchaser in the Agreement, or if the Purchaser would, or in the future could, be liable for any such Claims, including, as applicable, certain liabilities (collectively, the "Excluded Liabilities") that will not be assumed by the Purchaser, as described in Section 2.4 of the Agreement.

R.      Except for the Assumed Liabilities and the obligations of the Purchaser specifically set forth in the Agreement or in connection with this Order or other orders of this Court, the Sale and the transactions comprising the Sale shall not impose nor result in the imposition of any liability or responsibility on the Purchaser or its affiliates, successors or assigns or any of their respective assets (including the Assets), and the transfer of the Assets to

7

the Purchaser does not and will not subject the Purchaser or its affiliates, successors or assigns or any of their respective assets (including the Assets), to any liability for any Claims, including, without limitation, for any successor or vicarious liability, other than as expressly identified as an Assumed Liability.

## ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS

S.       The assumption and assignment of the Assumed Contracts are integral to the Agreement, are in the best interests of the Debtors and their estates, and represent the reasonable exercise of the Debtors' sound business judgment.

T.       With respect to each of the Assumed Contracts, the Debtors have met all requirements of section 365(b) of the Bankruptcy Code.  Further, the Purchaser shall have provided all necessary adequate assurance of future performance under the Assumed Contracts in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code.  Accordingly, the Assumed Contracts may be assumed by the Debtors and assigned to the Purchaser, as provided for in the Bid Procedures Order, the Motion, and the Agreement, and upon such assumption and assignment, the Debtors shall be relieved of liability from any future breach of the Assumed Contracts pursuant to section 365(k) of the Bankruptcy Code, and the Purchaser shall have no liability under the Assumed Contracts for any obligation arising prior to assignment or relating to a time period prior to assignment.

## VALIDITY OF THE TRANSFER

U.       As of the closing of the Sale (the "Closing"), the transfer of the Assets to the Purchaser will be a legal, valid and effective transfer of the Assets, and will vest the Purchaser with all right, title and interest in and to the Assets, free and clear of: (1) all Claims other than Permitted Encumbrances and Assumed Liabilities; and (2) all debts arising under or out of, in connection with, or in any way relating to, any acts of the Debtors, claims (as defined in

8

section 101(5) of the Bankruptcy Code), rights or causes of action (whether in law or in equity, including any rights or causes of action based on theories of transferee or successor liability under any law, statute, rule or regulation of the United States, any state, territory, or possession thereof or the District of Columbia), obligations, demands, guaranties, rights, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of this case and whether imposed by agreement, understanding, law, equity or otherwise.

V.     The Agreement is not a *sub rosa* chapter 11 plan for which approval has been sought without the protections a disclosure statement would afford.

W.     The Debtors: (1) have full company power and authority to execute the Agreement and all other documents contemplated thereby, and the Sale has been duly and validly authorized by all necessary corporate action of the Debtors; (2) have all company power and authority necessary to consummate the transactions contemplated by the Agreement; (3) have taken all actions necessary to authorize and approve the Agreement and the consummation by the Debtors of the transactions contemplated thereby; and (4) require no consents or approvals, other than those expressly provided for in the Agreement, to consummate such transactions.

X.     The Debtors have good title to the Assets, and, accordingly, the transfer of such Assets as contemplated by the Agreement: (1) is or will be a legal, valid and effective transfer of the property of the Debtors' estates to the Purchaser; and (2) vests or will vest in the Purchaser, all right, title and interest of the Debtors in and to all of the Assets free and clear of all Claims under sections 363(f) and 105(a) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:**

### GENERAL PROVISIONS

1.      The Motion is granted as set forth herein, and the Sale is approved as set forth in
this Order.

2.      The findings of fact set forth above and conclusions of law stated herein shall
constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,
made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding
of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent
any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      All objections, if any, to the Motion or the relief requested therein that have not
been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by
stipulation filed with the Court, and all reservations of rights included therein, are hereby
overruled on the merits, except as expressly provided herein.

### APPROVAL OF THE AGREEMENT

4.      The Agreement, all transactions contemplated therein and all of the terms and
conditions thereof are hereby approved.

5.      Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors are
authorized and directed to perform their obligations under and comply with the terms of the
Agreement, with such nonmaterial modifications as may be agreed to by the parties, and
consummate the Sale, pursuant to and in accordance with the terms and conditions of the
Agreement and this Order.

6.      The Debtors, as well as their affiliates, officers, employees, and agents, are
authorized to execute and deliver, and authorized to perform under, consummate, and implement,

the Agreement, in substantially the same form as the Agreement attached hereto as Exhibit 1, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and to take all further actions as may be: (a) reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Assets; or (b) necessary or appropriate to the performance of the obligations contemplated by the Agreement, all without further order of the Court.

### TRANSFER OF ASSETS

7.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Assets in accordance with the terms of the Agreement.  The Assets shall be transferred to the Purchaser, and upon consummation of the Agreement, such transfer shall: (a) be valid, legal, binding, and effective; (b) vest the Purchaser with all right, title, and interest in the Assets; and (c) be free and clear of all Claims except for Permitted Encumbrances and Assumed Liabilities with all Claims to attach to the net proceeds of the Sale, in the order of their priority and with the same validity, force and effect which they now have against the Assets, subject to any claims and defenses the Debtors may possess with respect thereto.  The Debtors shall pay all undisputed liens in full upon Closing, and shall pay all professional fees and costs associated with closing upon approval by the Court, if necessary.  The Debtors shall hold proceeds attributable to disputed liens in escrow pending the resolution of the disputes.

8.      Except as otherwise provided in the Agreement, all persons and entities (and their respective successors and assigns), including all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Claims, except for Permitted Encumbrances and Assumed Liabilities, arising under or out of, in connection with, or in any way relating to, the Debtors, the Assets, the operation of the Debtors'

11

businesses prior to Closing or the transfer of the Assets to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting such Claims against the Purchaser, its successors or assigns, its property or the Assets.  No such persons or entities shall assert against the Purchaser or their successors in interest any such Claim arising from, related to, or in connection with the ownership or operation of the Assets prior to the Closing, except for Permitted Encumbrances and Assumed Liabilities.

9.      This Order: (a) shall be effective as a determination that, as of Closing, all Claims other than Permitted Encumbrances and Assumed Liabilities relating to the Assets have been unconditionally released, discharged and terminated as to the Assets, and that the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

10.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against or in the Debtors or the Assets shall not have delivered to the Debtors prior to the Closing of the Sale, in proper form for filing and execution by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtors or

12

the Assets or otherwise, then only with regard to Assets that are purchased by the Purchaser

pursuant to the Agreement and this Order: (a) the Debtors are hereby authorized and directed to

execute and file such statements, instruments, releases and other documents on behalf of the

person or entity with respect to the Assets; and (b) the Purchaser is hereby authorized to file,

register or otherwise record a certified copy of this Order, which, once filed, registered or

otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the

Assets other than the Assumed Liabilities.  This Order is deemed to be in a recordable form

sufficient to be placed in the filing or recording system of each and every federal, state, or local

government agency, department or office.

14.     11.    All persons or entities in possession of some or all of the Assets are directed to

surrender possession of such assets to the Purchaser or its designee at the time of Closing of the

Sale.

     12.    Following the Closing of the Sale, no holder of any Claim shall interfere with the

Purchaser's title to or use and enjoyment of the Assets based on or related to any such Claim or

based on any actions the Debtors may take in their chapter 11 cases.

     13.    All persons and entities are prohibited and enjoined from taking any action to

adversely affect or interfere with the ability of the Debtors to transfer the Assets to the Purchaser

in accordance with the Agreement and Order.

<u>**ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS**</u>

     14.    Pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Debtors'

assumption and assignment to the Purchaser of the Assumed Contracts is hereby approved, and

all requirements of section 365 of the Bankruptcy Code are hereby determined to have been

satisfied with respect to such Assumed Contracts.  Pursuant to section 365(k) of the Bankruptcy

Code, the Debtors and their estates shall not be liable for any breach of the Assumed Contracts after the date of assignment to the Purchaser.

15.    The Debtors are hereby authorized, in accordance with sections 105(a) and 365 of the Bankruptcy Code, to assume and assign the Assumed Contracts to the Purchaser free and clear of all Claims, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts to the Purchaser.

16.    The Assumed Contracts transferred in accordance with this Order and the Assumption and Assignment Procedures shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in section 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Purchaser or the Debtors as a result of the assumption or assignment of the Assumed Contracts.  No Assumed Contract may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the transactions contemplated by the Agreement.

17.    The Cure Amounts arising under the Assumed Contracts shall be paid by the Debtors at the Closing of the Sale, subject to the terms of the Agreement.

18.    Payment of the Cure Amounts shall be in full satisfaction of any and all defaults or other obligations of the Debtors under the Assumed Contracts, whether monetary or non-monetary, arising or accruing prior to the Petition Date.  The Debtors shall satisfy in full as administrative expenses all undisputed amounts arising or accruing under the Assumed Contracts from the Petition Date to the date of the Closing.  Each pre-Closing (as such term is defined in

14

the Agreement) non-debtor party to an Assumed Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtors or the Purchaser, their successors or assigns or the property of any of them, any default existing as of the date of the Sale Hearing, whether declared or undeclared or known or unknown; or, against the Purchaser, any counterclaim, defense, setoff or any other Claim asserted or assertable against the Debtors.

19.    The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtors' and the Purchaser's rights to enforce every term and condition of the Assumed Contracts.

20.    Upon the Closing of the Sale, the Purchaser shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under the Assumed Contracts.

<u>ADDITIONAL PROVISIONS</u>

21.    Except as expressly set forth in the Agreement, the Purchaser and its successors or assigns shall have no liability for any liability, claim (as that term is defined in section 101(5) of the Bankruptcy Code), damages, or other obligation of or against the Debtors related to the Assets by reason of the transfer of the Assets to the Purchaser.  Without limiting the generality of the foregoing, and except as expressly set forth in the Agreement, the Purchaser shall not be liable for:  (i) any fixed, unliquidated or contingent claims against the Debtors or any predecessors or affiliates, whether based upon successor or vicarious liability or otherwise, and whether any of such items are known or unknown as of the Closing Date; (ii) any violation or alleged violation of any environmental laws; or (iii) liabilities under any pension, ERISA, tax, employment, labor or antidiscrimination laws or regulations, any products liability law, or any other liability related to the Debtors or the Excluded Assets.  The Purchaser shall not be deemed, as a result of any action taken in connection with the purchase of the Assets, to: (a) be a legal

15

successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Contracts from and after the Closing); (b) have, *de facto* or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors.

22.     Other than as provided by Section 2.1(c) of the Agreement, the Agreement does not provide for the Purchaser to acquire claims arising under chapter 5 of the Bankruptcy Code.

23.     This Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Order and the Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects) and to adjudicate disputes arising under or related to this Order or the Agreement.

24.     Nothing in this Order or the Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental statutes or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner or operator of the property after the date of entry of this Order.  Notwithstanding the foregoing sentence, nothing in this Order shall be interpreted to deem the Purchaser as the successor to the Debtors under any state law successor liability doctrine with respect to any liabilities under environmental statutes or regulations for penalties for days of violation prior to entry of this Order or for liabilities relating to off-site disposal of wastes by the Debtors prior to entry of this Order.

25.     No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Agreement, the Motion, and this Order.

16

26.     The allocation of Purchase Price contemplated in Section 2.5 of the Agreement is for tax purposes only and shall not have any impact upon allocation for the purposes of distribution of the proceeds of the Sale.

27.     The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein of the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.

28.     The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including all persons asserting Claims in the Assets to be sold to the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner or receiver and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders or any trustee, examiner or receiver.

29.     The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order that may be entered confirming any chapter 11 plan of the Debtors, converting the Debtors' cases from chapter 11 to case under chapter 7 of the Bankruptcy Code or dismissing the Debtors' chapter 11 cases.

30.     The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety.

31.     The Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not materially change the terms of the Agreement.

32.     In the event that there is a direct conflict between the terms of this Order and the Agreement, the terms of this Order shall control.

33.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

34.     Notwithstanding the provisions of Rules 6004(h) and 6006(d) of the Bankruptcy Rules, this Order shall not be stayed for 14 days after entry and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

35.     The costs associated with Closing on the Sale, including without limitation any transfer taxes and any fees and expenses payable to the Debtors' real estate consultant Keen Realty LLC, shall be payable from the gross proceeds of the Sale.

BY THE COURT:

Dated:                                    _____

The Honorable Eric L. Frank
United States Bankruptcy Judge

OMC\4836-9503-0520.v1-8/30/21

# EXHIBIT 1

## Asset Purchase Agreement