# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **1121 PIER VILLAGE LLC, et al.** | : | Bankruptcy No. 21-11466 (ELF) |
| | : | (Jointly Administered) |
| **Debtors.** | : | |
| | : | |

## ORDER GRANTING DEBTORS' MOTION FOR THE ENTRY OF AN ORDER GRANTING (A) AUTHORITY TO OBTAIN POST-PETITION FINANCING, (B) GRANTING LENDER LIENS AND SUPER PRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 364(c)(1), (2) AND (3) AND 364(d), (C) RELIEF FROM THE AUTOMATIC STAY (D) AUTHORITY TO ENTER INTO AGREEMENTS WITH LENDER AND (E) RELATED RELIEF

AND NOW this _____ day of _____, 2021, upon consideration of the motion (the "Motion")[1] 1121 Pier Village LLC, Penn Treaty Homes LLC and 2626 Frankford LLC (collectively the "Debtors") for the entry of an order granting (a) the Debtors authority to obtain post-petition financing on the terms described herein, (b) granting the post-petition lender liens and super-priority administrative expense status pursuant to 11 U.S.C. §§ 364(c)(1), (2) and (3) and 364(d) of title 11 of the United States Code (the "Bankruptcy Code"), (c) granting relief from the automatic stay pursuant to section 362 of the Bankruptcy Code and (d) authorizing the Debtors to enter into agreements with an entity associated with 724 Group Investments, LLC and DIO Industrials LLC(the "Lender"),

IT APPEARING THAT, at or prior to the final hearing on the Motion, pursuant to Bankruptcy Rules 4001(b), (c) and (d), the Debtor has provided each of the parties set forth below such notice of the time, place and nature of the hearing as required under the Bankruptcy Rules,: (1) the Office of the United States Trustee, (2) Sharestates, (3) Stewart, (4) all attorneys

---

[1] Capitalized defined terms shall have the meaning ascribed to them in the Motion.

1

who have filed a request for service of all pleadings and notices under Bankruptcy Rule 2002, (5) all creditors known to the Debtor who have asserted a lien or other similar interest against a Debtor, and (6) such taxing authorities as have alleged a claim against a Debtor, and

APPEARING, that Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 23, 2021 (the "Petition Date") and are continuing in the management and possession of their businesses and property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

APPEARING, that without the financing proposed by the Motion, Debtors will not have the funds necessary to pay insurance or property taxes or complete the sale of substantially all of their assets; and it

APPEARING, that Debtors have requested that Lender make loans and advances to Debtors under and pursuant to a $800,000.00 line of credit in order to provide funds to be used by Debtors for its general operating, working capital and other business purposes in the ordinary course of Debtor's business, and to allow the Debtors to market and sell substantially all their Assets and pay administrative expenses; and

APPEARING, that all such loans and advances by Lender will benefit the Debtors, their estates and creditors; and

APPEARING, that the ability of the Debtors to continue business and proceed to sale under chapter 11 of the Bankruptcy Code depends upon Debtors obtaining such financing from Lender; and

APPEARING, that Lender is willing to make loans and advances to Debtors on a secured and administrative priority basis as described herein and subject to the terms and conditions contained herein and in the Financial Agreements and Motion; and

APPEARING, that the granting to the Lender of a first priority lien on the Debtor's Assets under section 364(d) of the Bankruptcy Code is appropriate under the circumstances, the Debtor having established that the availability of the Loan proceeds will advance the value of the

Debtors' Projects by completing value-improving demolition and funding a nationwide marketing process leading to sale; and

APPEARING, that the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of Debtors' business and the management and preservation of Debtors' assets and properties and is in the best interests of Debtors, their estates and creditors;

NOW, THEREFORE, upon the submissions, offers of proof and the record set forth by Debtors, including the Motion, the filings and pleadings in this case, the record of the proceedings heretofore held before this Court with respect to the Motion and upon completion of the hearing and sufficient cause appearing therefor, the Court hereby finds as follows:

A. The Debtors are unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code or pursuant to sections 364(a) and (b) of the Bankruptcy Code.

B. Under the circumstances, no other source of financing exists on terms more favorable than those offered by Lender.

C. The notice of the hearing on the Motion constitutes sufficient and adequate notice in accordance with Bankruptcy Rules 4001(b), (c) and (d) and sections 102(1) and 364(c) of the Bankruptcy Code. No further notice of the relief sought in the Motion is required.

D. Consideration of this Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§157(b)(2)(A), (D), (G), (M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

E. The relief granted by this Court pursuant to this Order is necessary to avoid immediate and irreparable harm and injury to Debtors.

F. Good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Order.

G. The terms and conditions of this order and the Financial Agreements have been negotiated in good faith and at arm's length by the parties involved. Accordingly, the Court

finds the agreements between the parties as described herein have been made in good faith as that term is used in section 364(e) of the Bankruptcy Code.

   ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

   1. The Motion, as it relates to financing and approval of the Loan and the other related Financial Agreements, is granted.

   2. Appropriate notice of the hearing requesting the entry of the Motion and the hearing thereon has been provided.

   3. The Debtors are hereby authorized and empowered to immediately borrow from Lender pursuant to the terms of this Order and the terms and conditions set forth in the Financial Agreements, in such amount or amounts as may be made available to Debtors by Lender, up to the aggregate amount of $800,000.00.

   4. Debtors shall use the proceeds of the loans and advances made by Lender to Debtors to pay insurance and real estate taxes, to conduct demolition and to proceed with its efforts to sell substantially all of their assets, in accordance with the terms of the Financial Agreements and Approved Budget.

   5. The Debtors are hereby authorized to use the proceeds of the Loan as expressly provided in the Financial Agreements and this Order and only in a manner consistent with the Approved Budget, with an allowed 10% variance from the amounts set forth.

   6. The Debtor is authorized and directed to perform and comply and to continue to perform and comply with all of the terms, conditions and covenants of the Financial Agreements and such terms, conditions and covenants shall be sufficient and conclusive evidence of the borrowing arrangements between Debtors and Lender and of Debtors' agreement to the terms, conditions and covenants of the Financial Agreements for all purposes, including, without limitation, the payment of all principal, interest and fees and expenses, all as more fully set forth in the Financial Agreements.

   7. To secure the prompt payment and performance of the Debtors' liabilities to the Lender, Lender shall upon entry of this Order have and is hereby granted, valid and perfected

security interests and liens, superior to all other creditors of Debtors' estates, in and upon all of the existing and future Assets of the Debtor, whether acquired prior to, concurrently with or after the filing of the petition commencing Debtors' chapter 11 case, including, without limitation, all inventory, goods, accounts, deposit accounts, accounts receivable, equipment, investment property, contract rights, commercial tort claims, general intangibles, and causes of action arising under chapter 5 of the Bankruptcy Code.

8. Lender shall have all rights and remedies with respect to Debtor, its liabilities under the Financial Agreements (the "Liabilities") and the Assets, as are set forth in the Financial Agreements and this Order.

9. This Order shall be sufficient and conclusive evidence of the priority, perfection and validity of all of the security interests and mortgages in and liens upon the property of the Debtors' estates granted to Lender as set forth herein and in the Financial Agreements without the necessity of filing, recording or serving any financing statements, leasehold mortgages, mortgages or other documents which may otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate or perfect the security interests and liens granted to Lender in this Order and the Financial Agreements    If the Lender shall, in its discretion, elect for any reason to file any such financing statements, mortgages or other documents with respect to such security interests and liens, Debtors are authorized and directed to execute, or cause to be executed, all such financing statements or other documents upon Lender's request and the filing, recording or service thereof (as the case may be) of such financing statements, mortgages or similar documents shall be deemed to have been made at the time of and on the Petition Date. The Lender may, in its discretion, file a copy of this Order in any filing or recording office in any county or other jurisdiction in which Debtors have an interest in real or personal property and, in such event, the subject filing or recording officer is authorized and directed to file or record such certified copy of this Order in accordance with applicable law.  The liens granted Lender hereby shall be deemed valid and perfected notwithstanding the requirements of non-bankruptcy law with respect to perfection.

5

10. The Debtors are hereby authorized and directed to perform all acts, and execute and comply with the terms of such other Financing Agreements, including, without limitation any security documents as the Lender may reasonably require as evidence of and for the protection of the Liabilities and the Assets or which may be otherwise deemed necessary by Lender to effectuate the terms and conditions of this Order and the Financing Agreements.

11. The automatic stay provisions of section 362 of the Bankruptcy Code are modified to the extent necessary to permit Lender to implement the terms and conditions of the the Financial Agreements and the provisions of this Order.

12. The Debtors are authorized and directed to deliver to Lender all of the documentation which Debtors are required to provide to Lender under the Financial Agreements and this Order.

13. To the extent of the Loan, and in addition to the foregoing, Lender is granted an allowed super-priority administrative claim in accordance with section 364(c)(1) of the Bankruptcy Code having priority in right of payment over any and all other obligations, liabilities and indebtedness of the Debtor, now in existence or hereafter incurred by Debtors.

14. The holders of Primed Statutory Liens are adequately protected by equity.

15. To the extent of the Loan, Sharestates and Stewart are granted replacement liens on all assets of the Debtors (the "Replacement Liens"), subject to existing liens and the liens granted to Lender under this Order. This Order shall be sufficient and conclusive evidence of the priority and perfection of the Replacement Liens.

16. The Debtors hereby waive any claim to surcharge the collateral of Sharestates or Stewart pursuant to 11 U.S.C. §506(c). This waiver, combined with the Replacement Liens, provides Sharestates and Stewart with adequate protection of their interests to the extent of the Loan.

17. Lender's liens, security interests and super-priority administrative expense claim shall be subordinate only to the fees and expenses of the Office of the United States Trustee pursuant to 28 U.S.C. §1930, and except as provided for in this paragraph, no other claim or right

of set-off, including, without limitation any post-petition super-priority administrative claims granted by order of the Bankruptcy Court, shall be granted or allowed priority superior to or <u>pari passu</u> with the priority of the claims of Lender granted by this Order in favor of Lender while the Loan remains outstanding.

18. The provisions of this Order shall inure to the benefit of Debtors and Lender and shall be binding upon Debtors and Lender and their respective successors and assigns including any chapter 11 Trustee, chapter 7 Trustee, any committee, or other fiduciary hereafter appointed as a legal representative of the Debtors or with respect to property of the estates of Debtors and shall also be binding upon all creditors of Debtors and other parties in interest.

19. The Debtors have requested immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2). The authorization granted herein on a final basis is necessary to avoid immediate and irreparable harm to the Debtors. This Court concludes that entry of this Order is in the best interests of the Debtors and creditors as its implementation will, among other things, allow the Debtors to maximize the value of their assets.

20. To the extent the terms and conditions of the Financial Agreements are in conflict with the terms and conditions of this Order, the terms and conditions of this Order shall control.

21. The terms of the Financial Agreements and the terms of this Order have been negotiated in good faith and at arms' length between Debtors and Lender, and any loans, advances or other financial and credit accommodations which are made or caused to be made to Debtors by Lender pursuant to the Financial Agreements are deemed to have been extended in good faith, as the term "good faith" is used in section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code.

BY THE COURT

_____
The Honorable Eric L. Frank
United States Bankruptcy Judge