**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 11 |
| 1121 PIER VILLAGE LLC, et al. | Bankruptcy No. 21-11466 (ELF) |
| | (Jointly Administered) |
| Debtors. | |

**DEBTORS' JOINT PLAN OF REORGANIZATION DATED SEPTEMBER 14, 2021**

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of 1121 Pier Village LLC, Penn Treaty Homes LLC, 2626 Frankford LLC, 285 Kingsland LLC, 231 E 123 LLC and 193 Hancock LLC (the "Debtors") from the sale of certain assets and the pursuit of valuable causes of action.

This Plan provides for:   9   classes of secured claims;
                           7   classes of unsecured creditors; and
                           1   class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive a pro rata percentage of their allowed claims based upon the funds from litigation, sales and liquidation of other assets of the Debtors as estimated below. This Plan also provides for payments of administrative claims in full on the Effective Date of the Plan or as otherwise agreed to, and payment of priority claims to the extent permitted by the Code, unless the holder of such claim agrees to different treatment.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding the Plan and the rights of creditors and equity holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.01 | **Class 1** | | Secured Claims of Debtor-In-Possession Lenders |
| 2.02 | **Class 2** | | Secured Claims of Priming Lien Creditors |
| 2.03 | **Class 3** | | Sharestates Secured Claim against 1121 Pier Village LLC |
| 2.04 | **Class 4** | | Stewart Secured Claim against 1121 Pier Village LLC |
| 2.05 | **Class 5** | | Sharestates Secured Claim against Penn Treaty Homes LLC |
| 2.06 | **Class 6** | | Sharestates Secured Claim against 2626 Frankford LLC |
| 2.07 | **Class 7** | | Sharestates Secured Claim against 193 Hancock LLC |
| 2.08 | **Class 8** | | Sharestates Secured Claim against 231 E 123 LLC |
| 2.09 | **Class 9** | | Sharestates Secured Claim against 285 Kingsland LLC |
| 2.10 | **Class 10** | | All non-priority unsecured claims against 1121 Pier Village LLC allowed under §502 of the Code |
| 2.11 | **Class 11** | | All non-priority unsecured claims against Penn Treaty Homes LLC allowed under §502 of the Code |
| 2.12 | **Class 12** | | All non-priority unsecured claims against 2626 Frankford LLC allowed under §502 of the Code |
| 2.13 | **Class 13** | | All non-priority unsecured claims against 193 Hancock LLC allowed under §502 of the Code |
| 2.14 | **Class 14** | | All non-priority unsecured claims against 231 E 123 LLC allowed under §502 of the Code |
| 2.15 | **Class 15** | | All non-priority unsecured claims against 285 Kingsland LLC allowed under §502 of the Code |
| 2.16 | **Class 16** | | Insider unsecured claims against the Debtors |
| 2.17 | **Class 17** | | Equity owners of the Debtors. |

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section §1123(a)(1), administrative claims and priority tax claims are not in classes. |
| 3.02 | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the Effective Date of the Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors. |
| 3.03 | **Priority Tax Claims** | Each holder of an allowed priority tax claim will be paid in accordance with §1129(a)(9)(c) of the code. |
| 3.04 | **Statutory Fees** | All fees required to be paid under 28 U.S.C. §1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. |

4838-6410-5207

| | | |
|---|---|---|
| 3.05 | **Prospective Quarterly Fees** | All quarterly fees required to be paid under 28 U.S.C. §1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. |

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    **Claims and interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 **Secured Claims of Debtor-in-Possession Lenders** | Unimpaired | Class 1 claims are the Secured Claims of the debtor-in-possession lenders, which are secured by priming liens on all assets of the applicable Debtors.<br><br>If not already paid in full on the Effective Date, Class 1 claims shall be paid in full upon the sale of the assets securing such claims, pursuant to the terms of the underlying loans. |
| Class 2 **Secured Claims of Priming Lien Creditors** | Unimpaired | Class 2 claims are the Secured Claims of the Priming Lien Creditors, which are secured by liens on the real property of the applicable Debtors.<br><br>If not already paid in full on the Effective Date, Class 2 claims shall be paid in full, with applicable interest, upon the sale of the real property securing such claims. |
| Class 3 **Sharestates Secured Claim against 1121 Pier Village LLC** | Impaired | Class 3 is the Allowed Secured Claim of Sharestates against 1121 Pier Village LLC. The treatment to be provided to Class 3 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim. The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action. The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan. Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 3 claim shall attach to the proceeds. The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim. |

3

4838-6410-5207

| | | |
|---|---|---|
| | | Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 3 claims are Allowed Secured Claims and are not equitably subordinated. To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 4<br>**Stewart Secured Claim against 1121 Pier Village LLC** | Impaired | Class 4 is the Allowed Secured Claim of Stewart against 1121 Pier Village LLC. The treatment to be provided to Class 4 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim.<br><br>This class is impaired under the Plan. Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 4 claim shall attach to the proceeds. The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim. Upon allocation of the Net Sale Price between Stewart and Sharestates, the Debtor shall pay the allocated portion of the Net Sale Price, plus escrowed present value interest, to Stewart.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 5<br>**Sharestates Secured Claim against Penn Treaty Homes LLC** | Impaired | Class 5 is the Allowed Secured Claim of Sharestates against Penn Treaty Homes LLC. The treatment to be provided to Class 5 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim. The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action. The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan. Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net |

| | | |
|---|---|---|
| | | proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 5 claim shall attach to the proceeds. The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim. Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 5 claims are Allowed Secured Claims and are not equitably subordinated. To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 6<br>**Sharestates Secured Claim against 2626 Frankford LLC** | Impaired | Class 6 is the Allowed Secured Claim of Sharestates against 2626 Frankford LLC. The treatment to be provided to Class 6 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim. The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action. The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan. Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 6 claim shall attach to the proceeds. The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim. Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 6 claims are Allowed Secured Claims and are not equitably subordinated. To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |

4838-6410-5207

| | | |
|---|---|---|
| Class 7<br>**Sharestates Secured Claim against 193 Hancock LLC** | Impaired | Class 7 is the Allowed Secured Claim of Sharestates against 193 Hancock LLC.  The treatment to be provided to Class 7 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim.  The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action.  The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan.  Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 7 claim shall attach to the proceeds.  The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim.  Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 7 claims are Allowed Secured Claims and are not equitably subordinated.   To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363.  This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 8<br>**Sharestates Secured Claim against 231 E 123 LLC** | Impaired | Class 8 is the Allowed Secured Claim of Sharestates against 231 E 123 LLC.  The treatment to be provided to Class 8 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim.  The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action.  The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan.  Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 8 claim shall attach to the proceeds.  The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets |

| | | |
|---|---|---|
| | | representing present value interest upon the Secured Claim. Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 8 claims are Allowed Secured Claims and are not equitably subordinated. To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 9<br>**Sharestates Secured Claim against 285 Kingsland LLC** | Impaired | Class 9 is the Allowed Secured Claim of Sharestates against 285 Kingsland LLC. The treatment to be provided to Class 9 shall be in full and final satisfaction of the Loan Documents underlying the Secured Claim. The Debtor has objected to the extent and validity of this claim in the Suit, seeking, among other things equitable subordination as well as affirmative recovery under state law causes of action. The Debtor intends to object to this claim pursuant to 11 U.S.C. §502(b), either in the Suit or by separate claims objection.<br><br>This class is impaired under the Plan. Upon any sale of any assets securing the claim pursuant to this Plan or a motion under 11 U.S.C. §363, the Debtor shall retain the net proceeds of the sale, and all liens, claims and encumbrances related to any allowed Class 9 claim shall attach to the proceeds. The Debtor shall also retain in escrow payments representing 3.5% of the Net Sale Price of the assets representing present value interest upon the Secured Claim. Upon resolution of the Suit by settlement or Final Order, the Debtor shall distribute escrowed proceeds to the extent that Class 9 claims are Allowed Secured Claims and are not equitably subordinated. To the extent this class is subordinated, this class shall receive no distribution under this Plan.<br><br>The assets securing the claims will be sold pursuant to this pursuant to this Plan or a motion under 11 U.S.C. §363. This class may not elect treatment under 11 U.S.C. §1111(b). |
| Class 10<br>**1121 Pier Village LLC General** | Impaired | Class 10 is all non-priority unsecured claims against 1121 Pier Village LLC allowed under §502 of the Code. |

7

| | | |
|---|---|---|
| **Unsecured Claims** | | Class 10 is impaired by this Plan. Upon resolution of the Suit, Class 10 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 11 **Penn Treaty Homes LLC General Unsecured Claims** | Impaired | Class 11 is all non-priority unsecured claims against Penn Treaty Homes LLC allowed under §502 of the Code.<br><br>Class 11 is impaired by this Plan. Upon resolution of the Suit, Class 11 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 12 **2626 Frankford LLC General Unsecured Claims** | Impaired | Class 12 is all non-priority unsecured claims against 2626 Frankford LLC allowed under §502 of the Code.<br><br>Class 12 is impaired by this Plan. Upon resolution of the Suit, Class 12 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 13 **193 Hancock LLC General Unsecured Claims** | Impaired | Class 13 is all non-priority unsecured claims against 193 Hancock LLC allowed under §502 of the Code.<br><br>Class 13 is impaired by this Plan. Upon resolution of the Suit, Class 13 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 14 **231 E 123 LLC General Unsecured Claims** | Impaired | Class 14 is all non-priority unsecured claims against 231 E 123 LLC allowed under §502 of the Code.<br><br>Class 14 is impaired by this Plan. Upon resolution of the Suit, Class 14 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 15 **285 Kingsland LLC General Unsecured Claims** | Impaired | Class 15 is all non-priority unsecured claims against 285 Kingsland LLC allowed under §502 of the Code.<br><br>Class 15 is impaired by this Plan. Upon resolution of the Suit, Class 15 claims shall receive their pro rata share of the Allocated Value attributed to this Debtor. |
| Class 16 **Insider Unsecured Claims** | Impaired | Class 16 is all non-priority unsecured claims by insiders. Claims is this class shall be discharged without payment. |
| Class 17 **Equity** | Unimpaired | Class 17 is unimpaired by this Plan. All equity holders of the Debtors shall retain their equity post-confirmation. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

| | | |
|---|---|---|
| 5.01 | **Disputed Claims** | A disputed claim is a claim that has not been allowed or disallowed, by a final non-appealable order, and as to which |

| | | |
|---|---|---|
| | | either: (i) a proof of claim has been filed or deemed filed, and a Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and a Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Claim Objections; Effect on Voting Rights** | Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtors reserve the right to object to claims and shall file objections on or before sixty (60) days from the Effective Date. |
| 5.03 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless and until such claim is allowed by final non-appealable order. |
| 5.04 | **Settlement of disputed claims** | The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtors will file, on or before the Confirmation Date, a list of Executory Contracts they intend to assume, along with cure amounts required to assume any such contract. <br><br> (b) Except for the executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under Article 6.01(a) of the Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtors will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. <br><br> A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the entry of the order confirming the Plan. |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by one or any of the following:

1. **Sales:** By separate motions pending before the Court, the Debtors seek authorization to market and sell substantially all of their assets, in the exercise of their business judgment, free and clear of all liens and interests pursuant to 11 U.S.C. §363(b), (f). After payment of closing costs and all Class 1 and 2 claims pursuant to this Plan, the Debtors shall escrow an amount consistent with the treatment of applicable Class 3 through 9 Claims pending resolution

of the Suit and the end of the 60-day objection period pursuant to Section 5.05 of this Plan. Any excess proceeds of any sale shall be paid to unclassified claims pursuant to Article III of this Plan, and then to Classes 10 through 15, as applicable, pursuant to Article IV of this Plan. Any such sale necessary to fund this Plan shall be made pursuant to this Plan and exempt from transfer or stamp taxes pursuant to 11 U.S.C. §1146.

2. **DIP Loan Proceeds:** By separate motions pending before the Court, the Debtors seek authorization to obtain post-petition financing pursuant to 11 U.S.C. §364(c), (d). The budgets associated with these loans specifically provide amounts to pay U.S. Trustee fees and other professional fees upon approval by the Court.

3. **Litigation:** Net recoveries from the Suit after payment of counsel fees and costs incurred in the Suit shall be paid pursuant to this Plan.

4. **Collections:** Net recoveries from the any collections on account of prepetition accounts receivable, after payment of counsel fees and costs incurred, shall be paid pursuant to this Plan.

Alex Halimi shall serve as Disbursing Agent for the Debtors, and shall make disbursements of funds from the above sources to the Classes entitled to receive them pursuant to this Plan. The Disbursing Agent shall not be paid for his efforts as Disbursing Agent and no bond is required.

## ARTICLE VIII
## GENERAL PROVISIONS

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br>"**Allocated Value**" means, the value attributed by the purchaser to the assets purchased from a Debtor plus the damages recovered by that Debtor in the Suit or any other legal proceeding.<br>"**Net Sale Price**" means the price attributed by the purchaser to the assets purchased from that Debtor, less ordinary and necessary closing costs including the commission paid to Keen Realty LLC, transfer taxes, recording costs and payment of Class 1 and 2 claims.<br>"**Priming Lien Creditors**" means all creditors holding a secured claim based upon a statutory real estate tax lien or a mechanic's lien.<br>"**Sharestates**" means Sharestates Intercap Line LLC, Sharestates Investments LLC, Chondrite Asset Trust and any associated and affiliated entities.<br>"**Stewart**" means the Henry J. Stewart Trust. |

4838-6410-5207

| | | |
|---|---|---|
| | | "**Suit**" means <u>1121 Pier Village LLC et al v. Sharestates Intercap Line LLC et al.</u>, Adversary No. 21-44-elf and any other action by the Debtors against Sharestates, Atlantis National Services Inc., Raymond and Radni Davoodi, Allen Shayanfekr and any related parties for recovery of damages, equitable subordination and other related relief. |
| 8.02 | **Effective Date** | The Effective Date of this Plan is the day the order confirming the Plan becomes a final order. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. In the event of any dispute over the meaning of any provision in the Plan or Disclosure Statement, the terms of the Plan control. |
| 8.07 | **Joint Plan of Reorganization** | This Plan shall constitute a separate plan of reorganization for each Debtor. |
| 8.08 | **Finding of No Value** | Confirmation of this Plan constitutes a finding that the equity interestholders are not retaining any thing of value pursuant to Article IV of this Plan, and are not required to make any new value contribution to retain their existing equity. |
| 8.09 | **Retention of Jurisdiction** | The Court shall retain jurisdiction of the case after the Confirmation Date for the following purposes: (a) to determine any and all objections in the allowance of claims and amendments to schedules; (b) to classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting, to determine such objections as may be filed to Claims; (c) to determine any and all disputes arising under or in connection with the Plan, including, but not limited to, any default remedies granted herein, and the sale of any of the Debtors' assets, collection or recovery of any assets; (d) to determine any and all applications for allowance of compensation and reimbursement of expenses herein for fees incurred through the Confirmation Date; (e) to determine any and all pending applications for rejections of executory contracts and unexpired leases and the allowance of any claims resulting from |

the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan; (f) to determine any and all applications, adversary proceedings and contested and litigated matters pending in the case as of, or after, the Confirmation Date; (g) to determine any and all proceedings for recovery of payments pursuant to any Cause of Action; (h) to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code; (i) to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan; (j) to determine such other matters which may be provided for in the Confirmation Order as may be authorized under the provisions of the Bankruptcy Code; (k) to hear and enter an order regarding any Claims under Section 505 of the Bankruptcy Code; (l) to enter any order, including injunctions, necessary to enforce the terms of the Plan, the powers of the Debtors under the Bankruptcy Code, this Plan and as the Court may deem necessary; and (m) over the Suit.

## ARTICLE IX
## DISCHARGE

Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan.

## ARTICLE X
## INJUNCTION

**Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner**

12

**or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any person that does not comply with or is inconsistent with the provisions of the Plan.**

Respectfully submitted,

DocuSigned by:

*Alex A. Halimi*

2EFCAADDF65245C...

Alex Halimi, Managing Member of Gotham
Deeds LLC and Gotham Bedrock LLC,
Managers of The Debtors, Plan Proponents


*/s/ Edmond M. George*
Edmond M. George, Esquire

4838-6410-5207